**07 C 6757**

**JUDGE COAR
MAGISTRATE JUDGE MASON**

# EXHIBIT A

## *EMPLOYMENT AGREEMENT*

This Employment Agreement ("Agreement") is entered into as of February 21st, 2002 by and between Carlton Technologies, Inc. ("the Employer"), 2000 W. Fulton Street, Chicago, Illinois 60612, and Jeff Grafstein ("the Employee").

A.    Employer is engaged in the business of purchasing, reconditioning and selling product scanners, cash registers and similar devices used at the point of sale in the retail industry and performing services such as refurbishing equipment for others; and

B.    Employer has invested a substantial amount of time and resources in developing its business and marketing techniques and in obtaining and maintaining its client and referral base and Employer desires to protect its confidential information and confidential programs and its client base; and

C.    Employer desires to retain the services of the Employee and for Employee to assist Employer in developing and maintaining its client base and its business; and

D.    Employee is willing to be employed by Employer.

Therefore, the parties agree as follows:

1.    **Employment.**    Employer shall employ Employee as a Sr. Account Executive and Director of Wireless Data Collection and Scanning Devices. Employee's duties are set forth on Exhibit "A". Employee accepts and agrees to such employment, subject to the general supervision, advice and direction of Employer and the Employer's supervisory personnel. Employee shall also perform such other duties Employer requests Employee to perform. Employee shall also follow all rules of Employer.

2.    **At Will Employment.**    Your employment with Employer is entered into voluntarily, and you are free to terminate your employment at any time, with or without a reason. Similarly, the Employer has the right to terminate your employment at any time, with or without a reason. Although the Employer may choose to terminate your employment for cause, cause is not required. This is called "at-will" employment. While it is expected that our working relationship will be mutually satisfactory, neither you, nor the Employer, have entered into any express or implied contract of employment for any specified period of time. No one other than the President of the Company that employs you can enter into an agreement for employment for a specified period of time, or make any agreement or representation contrary to the at-will employment policy. The Employer's policy of at-will employment can be changed only in a writing signed by the President of the Company that employs you.

3.    **Best Efforts of Employee.**    Employee agrees to perform faithfully, industriously, and to the best of Employee's ability, experience, and talents, all of the duties that may be required by the express and implicit terms of this Agreement, to the reasonable satisfaction of Employer. Such duties shall be provided at such place(s) as the needs, business, or opportunities of the Employer may require from time to time.

4.    **Compensation of Employee.**    As compensation for the services provided by Employee under this Agreement, Employer will pay Employee such compensation as reflected on Exhibit "A". Payments will be made at such payment cycles as the Employer shall determine. Upon termination of this Agreement, payments under this paragraph shall cease, provided, however, that the Employee shall be entitled to payments for periods or partial periods of work that occurred prior to the date of termination and for which the Employee has not yet been paid. Accrued vacation time will be paid in accordance with state law and the Employer's customary procedures.

5.    **Absence from Work and Tardiness.**    Employer understands that family emergencies and sickness occur which may occasionally require that Employee miss work. In such an event, it is expected that

Employee provide Employer with as much notice as possible of an absence due to an emergency or sickness. Employer may require, in Employer's sole discretion, a note from a physician to verify an illness. Regular full-time employees are entitled to five (5) sick days with pay per year. Sick days are not vacation days and are only to be utilized in the event of a family emergency or an illness which renders Employee incapable of attending work. Sick days may not be carried over from one year to another and Employee is not entitled to receive any pay for unused sick days. Unexcused or excessive absences are grounds for immediate dismissal. Each Employee has a start time. Employee is expected to be at work and ready to begin working at his/her customary start time. Excessive tardiness is grounds for immediate dismissal.

6. **Reimbursement for Expenses in Accordance with Employer Policy.** The Employer will only reimburse Employee for approved out-of-pocket expenses in accordance with Employer policies in effect from time to time.

7. **Recommendations for Improving Operations.** Employee shall provide Employer with all information, suggestions, and recommendations regarding Employer's business, of which Employee has knowledge, that will be of benefit to Employer.

8. **Confidentiality.** Employee recognizes that Employer has and will have information regarding the following:

- products
- margins
- discounts
- business affairs
- marketing plans
- prices
- costs
- future plans
- costs
- customer lists

and other vital information (collectively "Confidential Information") which is valuable, special and unique assets of Employer. Employee agrees that the Employee will not at any time or in any manner, either directly or indirectly, divulge, disclose, or communicate in any manner any Confidential Information to any third party even if such Confidential Information was developed by the Employee during the term of employment of Employee or obtained during or after the term of employment of Employee, without the prior written consent of the Employer. Employee will protect the information and treat it as strictly confidential. A violation by Employee of this paragraph shall be a material violation of this Agreement and, in the event of a violation, Employer shall be entitled to both legal and equitable relief. Employee acknowledges and agrees that the sale or unauthorized use or disclosure by Employee of any Confidential Information of the Employer constitutes unfair competition, and during the term of his employment with the Employer and thereafter, Employee will not engage in any unfair competition with the Employer by directly or indirectly using the Confidential Information, nor will Employee directly or indirectly disclose, publish or make use of, nor authorize anyone else to use Confidential Information or any information or knowledge which in any way relates to the business, product or services of the Employer.

9. **Other Employees.** Employee agrees for a period of two (2) years after the end of his/her employment with the Employer that Employee will not solicit for Employee's benefit or for the benefit of another business or enterprise any person employed by the Employer within six (6) months of Employee's last date of employment.

10. **Non-Solicitation.** In order to protect Employer's longstanding business relationships, Employee agrees that he/she will not, for a period of one hundred and eighty days (180) after his/her employment with Employer ceases for any reason, solicit, directly or indirectly, whether for Employee or as an officer, director, employee, agent or independent contractor of another, for purposes of performing any services or furnishing any equipment of a type similar to that provided by Employer to any client of Employer for whom Employee had contact with during the term of Employee's employment or any person or entity that Employee learned about or obtained any information concerning said person or entity's need for equipment or services as a result of Employee's employment.

"Client," as used herein, shall mean any person or entity for whom Employer performed services or sold equipment within a twelve (12) month period prior to the termination of employee's employment.

　　　　11.　　**Injunction.**　　Employee agrees that should he/she breach any provision of this Agreement, Employer will suffer irreparable injury and will have no adequate remedy at law. In such an event, Employer shall be entitled to obtain temporary, preliminary and permanent injunctive relief, without bond in any proper court which shall include the Circuit Courts of Cook County, Illinois. In addition to the above, should Employee breach this Agreement, Employer's rights shall be cumulative and Employer may also seek recovery of money damages as well. Thus, all covenants of this Agreement shall survive the termination of Employee's employment.

　　　　12.　　**Records Belong to Employer.**　All books, records, files, forms, reports, accounts, papers and documents relating in any manner to the Employer's business, vendors, suppliers, or customers, whether prepared by Employee or anyone else, are the exclusive property of the Employer and shall be returned immediately to the Employer upon termination of employment or upon the Employer's request at any time. This excludes items that belonged to the Employee prior to beginning his/her employment with Employer.

　　　　13.　　**Employee's Inability to Contract for Employer.**　　Employee shall not have the right to make any contracts or commitments for or on behalf of Employer without first obtaining the express written consent of Employer.

　　　　14.　　**Vacation.**　　The Employer provides vacation time for Regular Full-Time employees and expects employees to take time away from work to renew their energy and enjoy some leisure activities with family or friends. The amount of vacation time is reflected on Exhibit "A". You may not receive pay in lieu of vacation, except as required by law upon termination of your employment or as Employer shall agree. In order to insure that Employer is sufficiently staffed to continue orderly operations, vacation time must be pre-approved at least two weeks in advance. Employer may, in its sole discretion, not approve a request for vacation time due to scheduling problems or other business demands.

　　　　15.　　**Holidays.**　　Employee shall be entitled to the following holidays with pay during each calendar year:

- New Year's Day
- Independence Day
- Thanksgiving Day
- Memorial Day
- Labor Day
- Christmas Day

　　　　16.　　**Compliance With Employer's Rules.**　　Employee agrees to comply with all of the rules and regulations of Employer.

　　　　17.　　**Return of Property.**　　Upon termination of employment, the Employee shall deliver all property (including keys, records, notes, data, memoranda, models, and equipment) that is in the Employee's possession or under the Employee's control which is Employer's property.

　　　　18.　　**Harassment.**　　Employee acknowledges that Employer has a zero tolerance policy for any form of discrimination or sexual harassment or a hostile work environment. Any breach of this policy by Employee is grounds for immediate dismissal. All complaints of discrimination or sexual harassment should be made to Ryan Bracken or, if you prefer, to counsel for Employer, Anthony G. Barone at (630) 472-0037.

　　　　19.　　**Notices.**　　All notices required or permitted under this Agreement shall be in writing and shall be deemed delivered when delivered in person or deposited in the United States mail, postage paid, addressed as follows:

Employer:　　　　　　　　　　　　　　　　　Employee:

Carlton Technologies, Inc.　　　　　　　　　Jeff Grafstein
2000 W. Fulton Street
Chicago, Illinois 60612

Such addresses may be changed from time to time by either party by providing them notice in the manner set forth above.

**20. Entire Agreement.** This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties.

**21. Amendment.** This Agreement may be modified or amended, if the amendment is made in writing and is signed by both parties.

**22. Severability.** If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**23. Waiver of Contractual Right.** The failure of either party to enforce any provision of this Agreement shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

**24. Applicable Law.** This Agreement shall be governed by the laws of the State of Illinois.

Employer:　　　　　　　　　　　　　　　　Agreed to and accepted by:

Carlton Technologies, Inc.　　　　　　　　Employee:

By: _____　　　　　　_____

Ryan Bracken, President

Date: 2/21/02　　　　　　　　　　　　　　Date: 2/21/02

4