IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLTON TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEFFREY GRAFSTEIN ) <br> and BIZ 120, INC., ) <br> ) <br> Defendants. ) | Case No. 07-C-6757 <br> Judge David H. Coar |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## FOR EXPEDITED DISCOVERY

Defendants, JEFFREY GRAFSTEIN ("Grafstein") and BIZ 120, INC. ("Biz 120"), do not oppose the inspection request under Rule 34, Fed. R. Civ. P., by Plaintiff, CARLTON TECHNOLOGIES, INC. ("Carlton"), subject to the prior entry of a suitable protective order, but Grafstein and Biz 120 do oppose expediting discovery in general, because Carlton has not shown any irreparable harm that will result from pursuing discovery in an orderly fashion, and expediting discovery would only unnecessarily increase the costs of defending this suit. In partial opposition to Carlton's Motion, Grafstein and Biz, 120 state as follows:

1. Carlton's allegations of information misappropriation occurred well over one year ago. As a result, even if Carlton's allegations were accurate — which Mr. Grafstein and Biz 120 strenuously dispute — the information is now dated and any harm resulting from the alleged retention of this information is unlikely to be ongoing.

2. Carlton's dilatory pursuit of this case belies any need to expedite discovery. Carlton acknowledges that it first began investigating its allegations at least back in September 2007, yet waited two months to file its Complaint and waited nearly another two

months before bringing this motion for expedited discovery. Clearly, if there were imminent danger of irreparable harm or the loss or destruction of discoverable information, Carlton would have expedited its investigation and immediately filed for preliminary relief back in October of 2007. Given Carlton's delay in pursuing its action, there is no reason to impose the additional burden of expedited discovery on Mr. Grafstein and Biz 120, which is owned and operated solely by Mr. Grafstein.

3. Expedited discovery would be unnecessarily punitive, given Mr. Grafstein and Biz 120's willingness and prior attempts to cooperate on discovery with Carlton. Mr. Grafstein and Biz 120, immediately upon receiving notice of this action, made a good faith effort to exchange information informally, without discovery requests, in a bid to resolve this dispute as quickly, amicably and inexpensively as possible. Mr. Grafstein and Biz 120's overtures were refused. As stated in the Declaration of Michael Kelber, counsel for Mr. Grafstein and Biz 120 (attached hereto as Schedule 1), and in the correspondence attached thereto, Mr. Grafstein and Biz 120 offered to produce all of the business-related documents contained on two flash drives owned by Mr. Grafstein and alleged by Carlton to have been used to improperly download Carlton's information. (Kelber Declaration ¶ 3.) Because Mr. Grafstein and Biz 120 dispute Carlton's allegations that it improperly acquired or retained any confidential information or trade secrets, Mr. Grafstein and Biz 120's counsel offered in good faith, to produce its information informally, so that the parties could quickly identify and evaluate the information at issue, and hopefully resolve the dispute. (See Kelber Declaration, ¶ 3.) While Carlton's counsel originally stated that it would propose a protective order to enable Mr. Grafstein's production of information prior to formal discovery, Carlton, changed its position and instead filed the present motion. (Kelber Declaration ¶ 4.) By pursuing the present motion, Carlton needlessly escalates

- 3 -

the costs of this litigation be seeking expedited discovery — when Mr. Grafstein and Biz 120 had already offered Carlton what it presumably hopes to receive by its Motion.

4.  Because of the extremely sensitive and timely competitive information included on Mr. Grafstein and Biz 120's computer system, Mr. Grafstein and Biz 120 request entry of a suitable protective order prior to any inspection of exchange of information.

WHEREFORE, Mr. Grafstein and Biz 120 consent to the inspection requested in Exhibit "A" to its Motion conducted under a suitable protective order, but oppose and request that the Court deny any further expediting of discovery or the proceedings given Carlton's delay, lack of irreparable harm and the inevitable escalation of costs that would be required in imposing the additional burden of expedited discovery.

Dated:  February 1, 2008                     Respectfully submitted,

**JEFFREY GRAFSTEIN**


By:   s/ Michael G. Kelber
         One of Its Attorneys


**BIZ 120, INC.**


By:   s/ Michael G. Kelber
         One of Its Attorneys

Michael G. Kelber
Chad W. Moeller
Neal, Gerber & Eisenberg, LLP
2 N. LaSalle Street, Suite 2200
Chicago, IL  60602
(312) 269-8000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Response to Plaintiff's Motion for Expedited Discovery, was served upon the following:

> John M. Dickman
> Ronald Y. Rothstein
> Sheila P. Frederick
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, IL 60601

via electronic filing on this 1st day of February, 2008.

/s/ Michael G. Kelber

NGEDOCS: 1501181.1

# SCHEDULE 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLTON TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-C-6757 |
| ) | Judge David H. Coar |
| JEFFREY GRAFSTEIN ) | |
| and BIZ 120, INC., ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF MICHAEL G. KELBER

I, MICHAEL G. KELBER, hereby declare and state as follows:

1. I am a partner of the law firm Neal Gerber Eisenberg LLP., specializing in patent, trademark, copyright and other intellectual property matters. I am working on this case with my partner, Chad W. Moeller, a labor and employment specialist. Mr. Moeller was out of town on vacation this week and while he was scheduled to return to the office on Friday, he was unable to return due to the snowstorms in the area.

2. Immediately after being engaged by Mr. Grafstein and Biz 120, Inc. in the present case, Mr. Moeller contacted John M. Dickman, counsel for Carlton Technologies, Inc. Mr. Moeller told Mr. Dickman that we believed that if any information originating from Carlton was possessed by Mr. Grafstein, it would be contained on two flash drives, which Mr. Grafstein had provided to us. Mr. Moeller told him that we had examined and printed out all of the files on those flash drives.

3. In the hopes of a quick and efficient resolution of the dispute, Mr. Moeller offered to provide a copy of any business-related documents contained on those flash drives for

- 2 -

Mr. Dickman's inspection prior to the commencement of discovery and without requiring any formal discovery requests. As part of that arrangement, given that much of the data related directly to Biz 120's present and future business, counsel for Mr. Grafstein and Biz 120 requested that prior to the disclosure, any such disclosure and inspection be subject to a reasonable protective agreement. Mr. Dickman said that he would begin putting together a protective order and consider the proposal. In fact, Messrs. Moeller and Dickman had even discussed some details relating to the proper scope of disclosure that would be permitted under the proposed protective order.

4. However, shortly thereafter, Carlton flatly refused to move further with any informal exchange of documents and instead opted to pursue the preliminary injunctive relief sought here. (See exchange of e-mail correspondence on December 20-21, 2007, beginning with an e-mail from Mr. Moeller to Mr. Dickman, attached hereto as Exhibit "A").

5. To date, counsel for Carlton has yet to provide any proposed protective order.

I hereby declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Executed on this 1st day of February, 2008.

_____
MICHAEL G. KELBER

NGEDOCS: 1501320.1

# EXHIBIT "A"

**Kelber, Michael G.**

| | |
|---|---|
| **From:** | Moeller, Chad W. |
| **Sent:** | Friday, December 21, 2007 10:49 AM |
| **To:** | Dickman, John |
| **Cc:** | Kelber, Michael G.; Frederick, Sheila |
| **Subject:** | RE: Carlton Technologies v. Biz 120 and Jeff Grafstein -- extension of time and review of documents |

John:

We do not intend to produce any documents in advance of the formal discovery process. We disagree with your position that certain information and files "were taken from Carlton and Carlton's computer system, and they belong to Carlton." Again, we agreed in good faith to consider an initial exchange of information with the hope of resolving this matter quickly and relatively inexpensively. You have now distorted our offer as an admission that Mr. Grafstein improperly took information from Carlton. That is not the case.

Chad


Chad W. Moeller
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5370 (direct)
(312) 750-6452 (direct fax)
cmoeller@ngelaw.com


---

**From:** Dickman, John [mailto:JDickman@winston.com]
**Sent:** Thursday, December 20, 2007 11:29 AM
**To:** Moeller, Chad W.
**Cc:** Kelber, Michael G.; Frederick, Sheila
**Subject:** RE: Carlton Technologies v. Biz 120 and Jeff Grafstein -- extension of time and review of documents

Chad:

I will agree to the extension to January 11 for the answer. However, my position regarding the immediate return of the documents has not changed. They were taken from Carlton and Carlton's computer system, and they belong solely to Carlton. Your response on that point was not definitive. Please let me know whether those materials will be turned over to me this week. Thank you.

> **From:** Moeller, Chad W. [mailto:cmoeller@ngelaw.com]
> **Sent:** Thursday, December 20, 2007 11:10 AM
> **To:** Dickman, John
> **Cc:** Kelber, Michael G.; Frederick, Sheila
> **Subject:** RE: Carlton Technologies v. Biz 120 and Jeff Grafstein -- extension of time and review of documents
>
> John:
>
> I am surprised (and disappointed) by your (or your client's) position. We have tried in good faith to propose a structure for the exchange of information, and we have taken the past few weeks to ascertain what information, if

any, that Mr. Grafstein may have which may be of interest to Carlton.

For the record, we have never "confirm[ed] that Mr. Grafstein remains in possession of Carlton's property." We do not concede that Mr. Grafstein has any information that is proprietary to Carlton. And while I can perhaps understand your preference not to agree to a 60-day extension for our Answer or other pleading -- particularly given that you appear to have little interest in resolving the matter at this stage -- I do not quite understand your demand that we have our Answer or other pleading on file by January 4. Would you be amenable to an extension until January 11, 2008? If not, we will file the appropriate motion.

Chad


Chad W. Moeller
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5370 (direct)
(312) 750-6452 (direct fax)
cmoeller@ngelaw.com

---

**From:** Dickman, John [mailto:JDickman@winston.com]
**Sent:** Thursday, December 20, 2007 10:10 AM
**To:** Moeller, Chad W.
**Cc:** Kelber, Michael G.; Frederick, Sheila
**Subject:** RE: Carlton Technologies v. Biz 120 and Jeff Grafstein -- extension of time and review of documents

Chad:

Thank you for the follow up. I have spoken with my client about these issues, and our response is as follows:

1. In light of the confirmation that Mr. Grafstein remains in possession of Carlton's property, we demand that all such property immediately be returned to my attention, without condition and without Mr. Grafstein or Biz 120 retaining possession of any copies or summaries, in whatever form stored. With respect to materials that admittedly were taken from Carlton and Carlton's computer system, there is no legitimate basis for withholding those materials from us, requiring us to come to your offices or anywhere else to review them, requiring that we obtain them through formal discovery, or requiring a protective order. Those materials belong to Carlton, they were stolen by Mr. Grafstein, and there is no basis for Mr. Grafstein, Biz 120, or their attorneys to withhold them any longer. If I do not receive confirmation from you that we will receive those materials this week, we will file an appropriate motion with the Court to order their return.

2. With respect to the representation that Mr. Grafstein is not in possession of any other documents or files, other than what is on two flash drives, frankly, my client does not believe it. We are instructed to conduct complete and thorough discovery of Mr. Grafstein's activities, including all of Mr. Grafstein's and Biz 120's computers and related devices that may reflect or relate to those activities. I understood from our conversation yesterday that steps have been taken to preserve the electronic and other records that are relevant to this dispute. If that is not the case, please let me know right away. With respect to other materials that we will be seeking in discovery, including records of Mr. Grafstein's and Biz 120's activities, customer contacts and solicitations, and sales, before and after Mr. Grafstein's departure from Carlton, we are willing to discuss the propriety of a protective order, but representatives of my client will have to be able to review that information. We will not be in a position to discuss settlement until a full

assessment of the damage caused by Mr. Grafstein has been made. Return of the misappropriated property is just one piece of the relief sought in this case.

3.  With respect to your request for an extension of time, my client will to agree to an extension until January 4, 2008.

---

**From:** Moeller, Chad W. [mailto:cmoeller@ngelaw.com]
**Sent:** Thursday, December 20, 2007 8:12 AM
**To:** Dickman, John
**Cc:** Kelber, Michael G.
**Subject:** Carlton Technologies v. Biz 120 and Jeff Grafstein -- extension of time and review of documents

John:

This will serve as a follow-up to our telephone conversation yesterday. As we discussed, we have printed out all the documents and files that appear on two flash drives that were in the possession of Mr. Grafstein. The documents fill approximately two copy paper boxes. Certain documents from the drives are purely personal to Mr. Grafstein and, accordingly, we have removed them from the boxes. After removing documents that we have determined have no relevancy whatsoever to this matter, we are left with approximately one copy paper box of documents. We have erred on including any document that may be arguably relevant to a meaningful review of the files. Mr. Grafstein is not in possession of any documents or files that may be Carlton's property other than what appear on the flash drives (and which we have printed out).

We are willing to allow you to review the documents with the aim of reaching a relatively quick and inexpensive resolution to this matter. During one of our previous telephone calls, you indicated that you would ask one of your colleagues to prepare some sort of Confidentiality Agreement and/or Protective Order that would govern the review of the documents. Has that been completed? Before we are willing to share the documents with you, we would need such an agreement in place, with one of the terms being that you may not keep copies of the documents, but rather must return them after your review, and otherwise formally obtain them through the discovery process if settlement at this preliminary stage does not occur. Indeed, we contemplate that your review of the documents would occur at our offices; in other words, we would not send copies to you.

If the sharing of the documents and settlement discussions are going to be productive and meaningful, we would like an extension of time to answer or otherwise plead. As we discussed, by my calculation, Biz 120's Answer or other pleading is due December 26, and Mr. Grafstein's Answer or other pleading is due December 28. We request an extension of 60 days to answer or otherwise plead. A 60-day extension will allow the parties to exchange information and address settlement in a good faith manner.

I look forward to hearing from you.

Regards,

Chad


Chad W. Moeller
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5370 (direct)
(312) 750-6452 (direct fax)
cmoeller@ngelaw.com

1/31/2008

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

1/31/2008