IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLTON TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 06757 |
| | ) | Judge Coar |
| v. | ) | Magistrate Judge Mason |
| | ) | |
| JEFFREY GRAFSTEIN | ) | |
| and BIZ 120, INC., | ) | Trial by Jury Demanded |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Carlton Technologies, Inc. ("Carlton") and Defendants Jeffrey Grafstein ("Grafstein") and Biz 120, Inc. ("Biz 120") stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following Protective Order may be entered by the Court.

1. This Protective Order shall govern any designated information produced in this action, including all designated deposition testimony, all designated testimony and evidence taken or introduced at a hearing, trial or other proceeding, interrogatory answers, documents, and other discovery materials.

2. Each party and any non-party shall have the right to designate as CONFIDENTIAL and, therefore, subject to this Protective Order, any information, document or portion of any document reflecting any confidential commercial or financial information; business plans or strategies; marketing plans or strategies; profit information; product and development information; sales information; private personal information; or other information that is not generally known to the public or readily obtainable from outside sources and that the designating party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

1

3. In addition to the right set forth in Paragraph 2, each party and any non-party shall have the right to designate as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and, therefore, also subject to this Protective Order, any information, document or portion of any document that the designating party believes in good faith to contain a trade secret entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and the disclosure of which would tend to cause substantial harm to the designating party's legitimate business or privacy interests.

4. Designations shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information or document shall be CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order.

5. Documents and information to be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (d) deposition testimony designated in accordance with Paragraph 6 below; and (e) testimony taken and evidence introduced at a hearing, trial or other proceeding that is designated in accordance with Paragraph 6 below.

6. Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either: (a) during the deposition; or (b) by written notice to the reporter and all counsel of record, given within 30 days after the deposition transcript is received by the designating party. For testimony designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the designating party shall have the right to exclude from a deposition before the taking of the designated testimony all persons not authorized to receive such information under this Protective Order.

7. Each party and all persons bound by the terms of this Protective Order shall use any information or documents that are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only for the purpose of prosecution or defense of this action, and for no other purpose. The attorneys of record for the parties shall exercise reasonable care to insure that any information or documents that are CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY are: (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons, as set forth in Paragraphs 8 and 9 below.

8. Documents or information designated CONFIDENTIAL may be disclosed only to:

    (a) the Court and its officers;

    (b) counsel representing the parties named in this litigation and paralegals, assistants, office clerks, secretaries, and other personnel working under counsel's supervision;

    (c) parties named in this litigation and members of top management of the named entities;

    (d) court reporters, translators, duplicating services, and auxiliary services of like nature routinely engaged by counsel;

    (e) outside experts and consultants used by counsel of the parties to

3

assist in this litigation, who agree, in writing, to be bound by the terms of this Order by signing the agreement in the form attached hereto; and

(f) employees of the parties to this action.

9. Documents or information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to:

(a) the Court and its officers;

(b) counsel representing the parties named in this litigation and paralegals, assistants, office clerks, secretaries, and other personnel working under counsel's supervision;

(c) parties named in this litigation and members of top management of the named entities;

(d) court reporters, translators, duplicating services, and auxiliary services of like nature routinely engaged by counsel; and

(e) outside experts and consultants used by counsel of the parties to assist in this litigation, who agree, in writing, to be bound by the terms of this Order by signing the agreement in the form attached hereto.

10. Documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may also be shown to a witness during the examination of such witness at a deposition, hearing or trial provided that the witness: (a) is employed by the producing party; (b) is privy to the confidential document or information; and (c) agrees, in writing, to be bound by this Order by signing an agreement in the form attached hereto.  Immediately following the deposition, hearing or trial, such witness must return all confidential documents and copies thereof to the producing party.

11. Where a party notifies the Court that evidence or testimony sought to be introduced at a hearing or trial is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, including but not limited to information previously designated in

discovery as such, the designating party shall request that the Court seal or partially close its courtroom during the presentment or discussion of any such evidence or testimony. If the Court agrees that such information is properly classified as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, it will seal or partially close its courtroom during the presentment or discussion of any such evidence or testimony.

12. Any information or documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, if filed with the Court, shall be filed and treated in accordance with applicable Court rules.

13. This Protective Order shall not preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall any party or interested member of the public be precluded from claiming that any matter designated hereunder is not entitled to the protection of this Protective Order; from applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order; or from applying for an Order modifying this Protective Order in any respect.

14. Nothing in this Order shall serve to alter any terms of the Court's February 4, 2008 Agreed Order.

15. If a party or interested member of the public objects to the designation of any particular document or other information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY during the discovery period on the ground that such confidentiality is not necessary to protect the interests of the designating party, the following procedure shall be utilized:

    (a)    The objecting party shall give counsel of record for the designating party written notice thereof, specifying the document or information as to which an objection is asserted and the reasons for the objection;

    (b)    If the parties cannot reach agreement concerning the matter within seven (7) days after the delivery of the written notice, then the designating party may, within five (5) days thereafter, file and serve a motion with the Court seeking a court order that the materials are CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY within the meaning of the Stipulated Protective Order. The designated materials shall continue to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until determined to be otherwise by order of the Court or by agreement of the parties.

16.    If a party moves to designate evidence to be presented at a hearing or trial as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and the other party objects, the objecting party shall state the reasons for the objection, and the Court shall make a final determination as to whether it will seal or partially close its courtroom during presentment or discussion of any such evidence or testimony.

17.    If a party inadvertently produces document(s) or information in response to a discovery request or subpoena which a party believes to be CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the party may designate the information to the same extent as it could have designated the information before production, by written notice identifying such document(s) or information. Upon receipt of such written notice, the identified document(s) or information shall be treated as designated in accordance with this Order and the parties shall undertake their best efforts to correct the disclosure of such information contrary to the designation, including retrieving any documents from persons not qualified to receive them and informing such persons that they should not further use or disseminate the documents or information inadvertently produced.

18. Inadvertent production of any documents or information subject to the attorney-client privilege or work product doctrine shall not constitute a waiver of such privilege or of the work product protection. The parties agree that upon discovery or inadvertent production, the producing party may immediately request the return of such documents and the receiving party shall promptly return, sequester or destroy the specified information and any copies it has and may not use or disclose the information.

19. Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all designated material, including all copies, extracts, and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain or constitute attorneys' work product may be destroyed rather than returned, and outside counsel may retain copies of pleadings and materials that are of record in the litigation subject to the confidentiality provisions of this Order.

20. The termination of this action shall not terminate the directives of this Protective Order.

21. Nothing contained in this Protective Order shall prejudice in any way or waive in any respect the right of any party to assert any privilege to any documents, whether or not they are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order. The designating party may redact material deemed privileged. All documents containing redacted material shall be so identified.

22. Nothing contained in this Protective Order shall preclude a party from objecting to the discoverability of any information or documents.

23. This Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the parties or by further order of the Court.

        Plaintiff.

        By: /s/ John M. Dickman
                One of Its Attorneys

        John M. Dickman
        Ronald Y. Rothstein
        Sheila P. Frederick
        WINSTON & STRAWN LLP
        35 West Wacker Drive
        Chicago, Illinois 60601
        (312) 558-5600 (phone)
        (312) 558-5700 (fax)
        Email: jdickman@winston.com
               sfrederick@winston.com

        Defendants.

        By: /s/ Chad W. Moeller
                One of Their Attorneys

        Michael G. Kelber
        Chad W. Moeller
        NEAL GERBER & EISENBERG LLP
        2 North LaSalle Street
        Suite 2200
        Chicago, Illinois 60602
        (312) 269-8000 (phone)
        (312) 269-1747 (fax)
        Email: mkelber@ngelaw.com
               cmoeller@ngelaw.com

IT IS SO ORDERED.

DATED: March 14, 2008

        Michael T. Mason
        United States Magistrate Judge
        Northern District of Illinois

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARLTON TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 06757 |
| | ) | Judge Coar |
| v. | ) | Magistrate Judge Mason |
| | ) | |
| JEFFREY GRAFSTEIN | ) | |
| and BIZ 120, INC., | ) | Trial by Jury Demanded |
| | ) | |
| Defendants. | ) | |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I certify that I have carefully read the Stipulated Protective Order in the above-captioned case and that I fully understand the terms of the Court's Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, Northern District of Illinois, for any proceedings involving the enforcement of that Order.

Executed this ___ day of _____, 200__.

Name:

Affiliation:

Business Address:

Home Address:

9