# Exhibit A

4/11/08

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CARLTON TECHNOLOGIES, INC., )
)
)
Plaintiff, ) Case No. 07 C 06757
)
) Judge Coar
) Magistrate Judge Mason
v. )
)
JEFFREY GRAFSTEIN )
and BIZ 120, INC., )
)
Defendants. )

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

To:    John M. Dickman
       Ronald Y. Rothstein
       Sheila P. Frederick
       Winston & Strawn LLP
       35 West Wacker Drive
       Chicago, IL 60601

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Jeffrey Grafstein ("Grafstein") and Biz 120, Inc. ("Biz 120") (collectively "Defendants"), by and through their attorneys, Neal, Gerber & Eisenberg LLP, request that Plaintiff Carlton Technologies, Inc. ("Carlton") answer the following Interrogatories in accordance with the following Definitions and Instructions, in writing and under oath within 30 days after service hereof.  **This First Set of Interrogatories is to be deemed continuing, so as to require supplemental answers if Carlton gains possession or control of additional information responsive hereto between the time of its initial answer and the time of trial.**

## **DEFINITIONS**

1.     "Plaintiff," "Carlton," "you," and/or "your" means and refers to Plaintiff Carlton Technologies, Inc., and all persons and entities acting or purporting to act on its behalf.

2.     "Person" means and refers to both natural persons and to entities or organizations.

3.     "Communication" means and refers to all written, oral or other transmission of words or thought between or among two or more persons and/or entities.

4.     "Meeting" means and refers to all occasions when communications occurred between two or more persons who are present in the same place at the same time.

5.     "Documents" means and refers to all written or graphic matters of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, electronic, hard copy, or otherwise, however denominated, which are in Carlton's possession, custody or control, or to which Carlton can obtain access.  The term shall include, but is not limited to all documents, writings, books, records, memoranda, affidavits, statements, correspondence, notes, e-mails, diaries, calendars, messages, journal entries, photographs, data, tape recordings, voicemail recordings, summaries and other tangible items, whether originals or copies, and all communications relating thereto, whether or not expressly requested.

6.     "Identify" with respect to a natural person means to state the person's full name, current or last known residence address and telephone number, as well as the person's current or last known employer, such employer's address, and the current or last know position or job title such person held with the employer.

7.     "Identify" with respect to an entity (not a natural person) means to state its full name, address and phone number and any relevant contact person for such entity.

8.     "Identify" with respect to a document means to state the date of the document, if any; identify the signer, preparer or sender of the document; state the present or last known location or custody of the document; and describe the document with sufficient particularity to enable the document to be obtained through a subpoena duces tecum or request for production. Production of the document, with a statement connecting it to a specific interrogatory subpart herein, shall constitute sufficient identification of the document.

9.     "Identify" with respect to statements and communications, means: (i) state when and where they were made; (ii) identify each of the makers and recipients thereof as well as all others present at the time such statement or communication was made; (iii) indicate the medium of communication; and (iv) state the communication's substance.

10.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any matters which might otherwise be construed to be outside their scope.

11.     "Relate to" means constitute, contain, refer to, reflect upon, evidence, or in any way logically or factually connected with the matter discussed.

12.    "Lawsuit" means and refers to this matter, captioned *Carlton Technologies, Inc. v. Jeffrey Grafstein and Biz 120, Inc.*, Case No. 07-C-6757, pending in the United States District Court for the Northern District of Illinois, Eastern Division, and all related proceedings.

13.    "Complaint" means and refers to the Complaint filed by Carlton in the Lawsuit.

14.    Any term not specifically defined shall be given its ordinary dictionary meaning and shall be construed to permit Defendants the fullest and broadest discovery permitted by the applicable rules.

## INSTRUCTIONS

1.    All Interrogatories must be separately answered.

2.    All words and phrases herein shall be construed as in the singular or plural, and as masculine, feminine or neuter gender according to the context.

3.    If Carlton produces documents in lieu of otherwise answering any particular Interrogatory, the following information must be provided and the following procedure must be followed:

      a.    designate the specific documents from which the answer to the Interrogatory may be derived or ascertained; and

      b.    produce such documents separately and designate the Interrogatory to which each such document relates.

4.    A question asking to describe in detail or calling for the factual basis of a claim or contention should be answered with as much particularity as possible, describing all events or series of events or incidents separately, with sufficient detail as to the identification of persons participating, their relationship to the parties, and the date or dates involved.

5.    If the answer or any part of the answer to any Interrogatory is withheld based on privilege, Carlton shall identify the privilege asserted and the legal and factual basis for its assertion, and for each asserted privileged document state its date; the title or general nature of the document (i.e., whether it is a letter, memorandum, telegram, etc.); identify each person who prepared or signed the document; identify each person to whom the document was addressed; each person to whom a copy was to have been sent, and each person to whom a copy was shown or furnished; identify the person having custody, possession, or control of the document and each copy thereof; and the present location of the document and each copy thereof.

6.    Unless otherwise noted, the period of time encompassed by each Interrogatory set forth below is from February 2006 through the present.

7.    These Interrogatories are continuing in nature and require Carlton to file supplementary answers if, before trial, further or different information is obtained after the initial answer. Supplementary answers should include the date upon and the manner in which the supplementary information came to light.

## INTERROGATORIES

1.    Identify all persons having knowledge of the facts set forth in the Complaint, and identify the facts of which each such person has knowledge.

**ANSWER:**

2.    Identify all experts or opinion witnesses you have retained or consulted, or who you plan to retain or consult, in connection with the Lawsuit (whether in preparation for trial, a motion or any other proceeding, or otherwise as part of the Lawsuit), and, for each such person, describe: (a) his/her qualifications; (b) the subject matter on which he/she is expected to testify, and (c) the substance of the facts and/or opinions on which he/she is expected to testify.

**ANSWER:**

3.    Identify each person you expect to provide sworn testimony at trial or otherwise as part of the Lawsuit, and for each such person, describe the subject matter on which he/she is expected to testify.

**ANSWER:**

4.    Identify and itemize all the damages that you have incurred to date and that you seek to recover in the Lawsuit.

**ANSWER:**

5.    Identify the amount of all the attorneys' fees and costs you have incurred to date and that you seek to recover in the Lawsuit.

**ANSWER:**

6.    Identify the "three sales professionals who are devoted full-time to developing new business opportunities and servicing existing customers," as alleged in Paragraph 8 of your Complaint.

**ANSWER:**

7.    Identify the customers, potential customers, vendors, and suppliers with which you have a relationship that is "recurring and long-term in nature," as alleged in Paragraph 9 of your Complaint.

**ANSWER:**

8.    Identify all customers or clients for which you performed any services or to which you sold equipment between February 8, 2006, and February 8, 2007, and for each person or entity identified:

      a.    identify all services performed for, and/or equipment sold to, such client;

      b.    the date or dates of such service or sale;

      c.    the Carlton employee or employees responsible for servicing the client's account; and

      d.    the amount of sales.

**ANSWER:**

9.    With which of Carlton's clients do you claim Defendants were/are prohibited from conducting business?  For each such client, identify the time period during which Defendants were/are prohibited from conducting business, and state the basis or bases for your claim that Defendants were/are prohibited from conducting business with such client.

**ANSWER:**

10.  Identify all information contained in the database referenced in Paragraph 10 of your Complaint that you allege to be confidential and in which you allege to have a legally protectable interest.

**ANSWER:**

11.  Identify all Carlton customers or clients for whom Grafstein created proposals, to whom Grafstein made pitches, with whom Grafstein met, or with whom Grafstein communicated during his employment with Carlton, as alleged in Paragraph 17 of your Complaint.

**ANSWER:**

12.  Identify the "single day in October 2006" on which Grafstein allegedly engaged in the wrongdoing referenced in Paragraph 24 of your Complaint.

**ANSWER:**

13.  Identify the "main purchasing contact" and the "longtime customer of Carlton" referenced in Paragraph 28 of your Complaint.

**ANSWER:**

14.  Identify the "other Carlton customers and contacts" to whom "Grafstein sent multiple identical or similar communications" during the restricted period, as alleged in Paragraph 28 of your Complaint.

**ANSWER:**

15. Identify the "second largest customer" referenced in Paragraph 29 of your Complaint, and identify the customer's purchase history (*i.e.*, date(s) of purchase(s), amount(s) of purchase(s) and product(s) or service(s) purchased) with Carlton.

**ANSWER:**

16. Identify all "Carlton's customer lists, historical purchase information, pricing strategies, profitability, gross and net profit margins, and equipment needs and plans" referenced in Paragraph 42 of your Complaint, and, with regard to each, state the factual basis for the allegation, contained in the same Paragraph, that it is "sufficiently secret to derive economic value from not being generally known to other persons or entities."

**ANSWER:**

17. Identify all (a) "customers" that Grafstein has solicited and (b) "confidential information" that Grafstein has misappropriated and utilized, as alleged in Paragraph 50 of your Complaint. For each incident, identify the customer and/or confidential information that was solicited/misappropriated and the date(s) of such solicitation/misappropriation.

**ANSWER:**

18. Identify all customers and prospective customers Grafstein solicited on behalf of Biz 120 and/or diverted to Biz 120 while still employed by Carlton, as alleged in Paragraph 54 of your Complaint.

**ANSWER:**

19. Identify the monetary value of the "business" that Grafstein diverted to Biz 120 while still employed by Carlton, as alleged in Paragraph 54 of your Complaint.

**ANSWER:**

20.     Identify all Carlton customers with whom Grafstein had contact during his employment with Carlton, and for each such person, identify the date or dates of such contact and Carlton's sales to such customers during the period of Grafstein's employment with Carlton.

**ANSWER:**

21.     Identify all Carlton customers that Grafstein solicited in violation of his contractual or other obligations, and state the date(s) of such solicitations.

**ANSWER:**

22.     Do you claim that Grafstein and/or Biz 120 was prohibited from providing goods or services to a Carlton customer during the six-month period following Grafstein's resignation from Carlton if the customer initiated contact with Grafstein during the restricted period (i.e., Grafstein did not solicit the customer)?  If your answer is yes, state the basis or bases of your answer.

**ANSWER:**

23.     Identify all third parties and employees or agents of Carlton who participated in conducting any investigation of any wrongdoing by Grafstein and/or Biz 120.

**ANSWER:**

24.     Identify the Carlton employees and independent contractors to whom Ryan Bracken issued a directive to begin an investigation into Grafstein's activities, as referenced in Paragraph 18 of the Declaration of Ryan Bracken, and identify the date(s) on which such directive was issued.

**ANSWER:**

Dated: April 11, 2008

Respectfully submitted,

**JEFFREY GRAFSTEIN AND
BIZ 120, INC.**

By: _____

One of Their Attorneys

Michael G. Kelber
Chad W. Moeller
Sonya Rosenberg
Neal, Gerber & Eisenberg, LLP
2 N. LaSalle Street, Suite 2200
Chicago, IL  60602
(312) 269-8000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendants' First Set of**

**Interrogatories to Plaintiff**, was served upon the following:

> John M. Dickman
> Ronald Y. Rothstein
> Sheila P. Frederick
> Winston & Strawn LLP
> 35 West Wacker Drive
> Chicago, IL 60601

via electronic and U.S. Mail on this 11th day of April, 2008.

_____
Chad W. Moeller

NGEDOCS: 1515925.3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| CARLTON TECHNOLOGIES, INC., | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 07 C 06757 |
| Plaintiff, | ) | |
| | ) | Judge Coar |
| | ) | Magistrate Judge Mason |
| v. | ) | |
| | ) | |
| JEFFREY GRAFSTEIN | ) | |
| and BIZ 120, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

To:    John M. Dickman
       Ronald Y. Rothstein
       Sheila P. Frederick
       Winston & Strawn LLP
       35 West Wacker Drive
       Chicago, IL 60601

Defendants Jeffrey Grafstein ("Grafstein") and Biz 120, Inc. ("Biz 120") (collectively "Defendants"), by and through their attorneys, Neal, Gerber & Eisenberg LLP, request that Plaintiff Carlton Technologies, Inc. ("Carlton") produce for inspection and copying in accordance with the following Definitions and Instructions every document described below at 2 North LaSalle Street, Suite 2200, Chicago, Illinois 60602, within 30 days of service of this Request. **This First Request for Production of Documents is to be deemed continuing, so as to require supplemental document production if and when Carlton gains possession or control of additional documents responsive hereto between the time of its first document production and the time of trial.**

## DEFINITIONS

1.    "Plaintiff," "Carlton," "you," and/or "your" means and refers to Plaintiff Carlton Technologies, Inc., and all persons and entities acting or purporting to act on its behalf.

2.    "Person" means and refers to both natural persons and to entities or organizations.

3.    "Communication" means and refers to all written, oral or other transmission of words or thought between or among two or more persons and/or entities.

4.    "Meeting" means and refers to all occasions when communications occurred between two or more persons who are present in the same place at the same time.

5.    "Documents" means and refers to all written or graphic matters of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, electronic, hard copy, or otherwise, however denominated, which are in Carlton's possession, custody or control, or to which Carlton can obtain access.  The term shall include, but is not limited to all documents, writings, books, records, memoranda, affidavits, statements, correspondence, notes, e-mails, diaries, calendars, messages, journal entries, photographs, data, tape recordings, voicemail recordings, summaries and other tangible items, whether originals or copies, and all communications relating thereto, whether or not expressly requested.

6.    "Identify" with respect to a natural person means to state the person's full name, current or last known residence address and telephone number, as well as the person's current or last known employer, such employer's address, and the current or last know position or job title such person held with the employer.

7.    "Identify" with respect to an entity (not a natural person) means to state its full name, address and phone number and any relevant contact person for such entity.

8.    "Identify" with respect to a document means to state the date of the document, if any; identify the signer, preparer or sender of the document; state the present or last known location or custody of the document; and describe the document with sufficient particularity to enable the document to be obtained through a subpoena duces tecum or request for production. Production of the document, with a statement connecting it to a specific interrogatory subpart herein, shall constitute sufficient identification of the document.

9.    "Identify" with respect to statements and communications, means: (i) state when and where they were made; (ii) identify each of the makers and recipients thereof as well as all others present at the time such statement or communication was made; (iii) indicate the medium of communication; and (iv) state the communication's substance.

10.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any matters which might otherwise be construed to be outside their scope.

11.    "Relate to" means constitute, contain, refer to, reflect upon, evidence, or in any way logically or factually connected with the matter discussed.

12.    "Lawsuit" or "litigation" means and refers to this matter, captioned *Carlton Technologies, Inc. v. Jeffrey Grafstein and Biz 120, Inc.*, Case No. 07 C 6757, pending in the United States District Court for the Northern District of Illinois, Eastern Division, and all related proceedings.

13.    "Complaint" means and refers to the Complaint filed by Carlton in the Lawsuit.

14.    Any term not specifically defined shall be given its ordinary dictionary meaning and shall be construed to permit Defendants the fullest and broadest discovery permitted by the applicable rules.

## INSTRUCTIONS

1.    In answering these Requests, Carlton must furnish all requested information, not subject to valid objection, that is known, possessed by, or available to Carlton or any of Carlton's attorneys, consultants, representatives, agents, and any others acting or purporting to act on Carlton's behalf.

2.    If Carlton is unable to answer fully any of these Requests, Carlton must answer them to the fullest extent possible, specifying the reason(s) for Carlton's inability to answer the remainder and stating whatever information, knowledge or belief Carlton has concerning the unanswered portion.

3.    Without being requested by Defendants, Carlton must promptly amend any response when it is discovered to be incorrect or no longer true and/or complete.

4.    All documents shall be produced in the order and in the manner in which they are kept in the usual course of business.  Each document produced in accordance with these Requests shall be provided in its original file, folder, binder, cover or container whenever possible.  Any document that must be removed from its original file, folder, binder, cover or container to be produced shall be identified in such a way as to clearly specify the place from which it was so removed.

5.    If Carlton withholds any otherwise discoverable information based upon a claim that it is privileged, protected by the attorney work-product doctrine, or subject to any other protection, Carlton shall state that claim expressly and describe the nature of the information not disclosed in a manner that, without revealing information that is privileged and protected, will enable Defendants to assess the invocation of the privilege or protection.  Carlton also shall provide a privilege log cataloging all information and documents withheld on such basis.

6.    The singular form of a word shall be construed to include the plural, and the plural form of a word shall be construed to include the singular.  Likewise, the masculine of any word shall be construed to include the feminine, and the feminine to include the masculine.

7.    Unless otherwise noted, the period of time encompassed by each Request below is from January 2006 through the present.

## DOCUMENTS REQUESTED

1.      All documents consulted, referred to or relied upon in answering Defendants' First Set of Interrogatories to Plaintiff.

2.      All documents identified in response to Defendants' First Set of Interrogatories to Plaintiff.

3.      All documents and other information identified in your Rule 26(a)(1) Initial Disclosures.

4.      All statements or affidavits by or from any person or entity, relating to the events and allegations referred to or made in your Complaint.

5.      The complete reports of any experts or consultants who you have retained in this litigation.

6.      All documents relating to Grafstein's work-related travels and expense reports.

7.      All documents relating to any confidential, sensitive, or proprietary information and trade secrets allegedly misappropriated by Grafstein from Carlton.

8.      All documents relating to any "confidential information," "confidential and proprietary information," and "trade secrets," referenced in Paragraph 1 of your Complaint.

9.      All documents relating to the allegations in Paragraph 1 of your Complaint that Grafstein "intentionally diverted business opportunities from Carlton while still under its employment."

10.     All documents identifying Carlton's customers, the date on which Carlton began conducting business with each such customer and/or the amount of sales to each such customer.

11.     All documents relating to the allegations in Paragraph 10 of your Complaint that "Carlton has compiled a database of critical confidential information about its customers and

prospective customers," including but not limited to the complete database itself and all documents and source materials used to compile the information in that database.

12.    All documents relating to the allegations in Paragraph 11 of your Complaint that "Carlton maintains confidential information about the various vendors," including but not limited to all such confidential information and all documents and source materials used to compile such information.

13.    All documents relating to the allegations in Paragraph 12 of your Complaint that, "in its computer systems, Carlton maintains numerous files titled 'electronic price ordering guides' or 'epogs'" and that the information contained in these "epogs" is "no longer publicly available," including but not limited to the "epogs" themselves and all documents and source materials used to prepare them.

14.    All documents relating to the "several strict security measures" that Carlton "implemented ... to insure that its confidential information and trade secrets are not used or disclosed outside of Carlton or outside of the key employees with whom such information is shared," as alleged in Paragraph 13 of your Complaint, including but not limited to all security-related and computer password-related policies, rules, regulations, protocols, specifications of any kind, and any other security measures in place to safeguard Carlton's confidential and proprietary information.

15.    Complete copies of all signed confidentiality agreements, as referenced in Paragraph 13 of your Complaint.

16.    A complete copy of the job description, and all prior versions thereof, relating to the position of Senior Account Executive and Director of Wireless Data Collection and Scanning Devices, referenced in Paragraph 14 of your Complaint.

17.    All documents indicating the identities of Carlton customers with which Grafstein had contact and/or to which Grafstein was "assigned," as referenced in Paragraph 18 of your Complaint.

18.    All documents relating to the "confidential information and trade secrets" referenced in Paragraph 19 of your Complaint.

19.    All documents and communications between Grafstein and any person affiliated with Carlton relating to Grafstein's resignation, referenced in Paragraph 20 of your Complaint, and Grafstein's return of his Carlton-issued laptop computer.

20.    Complete copies of the "public records" referenced in Paragraph 21 of your Complaint.

21.    All documents relating "Carlton's business model," as referenced in Paragraph 22 of your Complaint.

22.    All documents relating to the allegations in Paragraph 23 of your Complaint that Grafstein "intentionally diverted business leads and opportunities from Carlton to Biz 120," including but not limited to all documents relating to your alleged "investigation" of such activity to date and relating to the "two business opportunities that Grafstein did not reveal to Carlton."

23.    All documents relating to the "transactions" referenced in Paragraph 23 of your Complaint.

24.    All documents relating to Grafstein's employment with Carlton, including but not limited to all documents relating to Grafstein's application with Carlton; Grafstein's position, tasks and responsibilities; all employment agreements and contracts and their drafts; all

performance appraisals and reviews; Grafstein's salary; Grafstein's complete personnel file; and Grafstein's resignation from Carlton.

25.     Copies of all agreements containing any non-solicitation provisions or any other restrictive covenants between Carlton and any present or former Carlton employees.

26.     For all employees with which Carlton entered into any agreements containing any non-solicitation provisions or any other restrictive covenants, all correspondence, pleadings, and all other documents indicating that Carlton sought court enforcement of the non-solicitation provision and/or the restrictive covenant(s) or otherwise communicated with the employee or his/her counsel regarding the non-solicitation provision and/or the restrictive covenant(s) upon or after termination of employment.

27.     The complete personnel file of Jason Lee, including but not limited to, any non-disclosure and/or non-solicitation agreement between Carlton and Mr. Lee.

28.     All documents relating to the termination of Jason Lee, including but not limited to, any documents relating to any agreement or understanding between Carlton and Mr. Lee that Mr. Lee may contact and/or provide goods or services to current and/or former Carlton brokers, dealers, suppliers, and/or other non-end user customers.

29.     All documents indicating the identities of the Carlton customers with whom Grafstein had contact during his employment with Carlton.

30.     All documents indicating the identities of the Carlton customers about whom Grafstein learned or obtained information concerning their need for equipment or services as a result of Grafstein's employment with Carlton.

31.     Complete copies of all proposals that Grafstein made to Carlton's customers.

32.    All documents, including but not limited to any investigatory reports or notes, relating to the allegations in Paragraph 24 of your Complaint.

33.    All documents relating to your "investigation" of Grafstein's and/or Biz 120's alleged wrongdoing toward Carlton.

34.    A complete copy of the "Price Guide" referenced in Paragraph 25 of your Complaint.

35.    Complete copies of the documents titled "Epog 95," Epog 97," "Epog 98," and "Epog 99," as referenced in Paragraph 25 of your Complaint.

36.    All documents relating to the allegations in Paragraph 25 of your Complaint that Grafstein downloaded the "Price Guide" and documents titled "Epog 95," Epog 97," "Epog 98," and "Epog 99."

37.    All documents relating to all the "sensitive and confidential information," referenced in Paragraph 26 of your Complaint.

38.    All documents relating to the allegations in Paragraph 28 of your Complaint that Grafstein "solicited Carlton's customers, and diverted business opportunities from Carlton on behalf of Biz 120."

39.    A complete copy of the May 25, 2007 e-mail referenced in Paragraph 28 of your Complaint.

40.    Complete copies of the "similar communications" that Grafstein allegedly sent to other Carlton customers and contacts, as alleged in Paragraph 28 of your Complaint.

41.    All documents relating to the allegations in Paragraph 29 of your Complaint that "[d]uring the restricted period ... Grafstein and Biz 120 sold and shipped products to Carlton's second largest customer."

42.    All documents relating to the "confidential information and trade secrets" referenced in Paragraph 31 of your Complaint.

43.    All documents relating to the "confidential business plans, confidential customer pricing information, confidential sales forecasts, and revenue forecasts" that you allege Grafstein "stole" using a portable media storage system in Paragraph 32 of your Complaint.

44.    All documents relating to the "trade secret information" referenced in Paragraph 36 of your Complaint.

45.    All documents relating to the "payments for measures aimed at discovering the extent and consequences of Grafstein's unauthorized activities and damage to the integrity of the data," as referenced in Paragraph 39 of your Complaint.

46.    All documents relating to the retention of any third party to investigate Grafstein's activities that gave rise to the Lawsuit.

47.    All documents, including but not limited to a complete copy of any reports or drafts of reports, relating to any imaging, review, evaluation, analysis, inquiry, probe and/or investigation of Carlton's activities that gave rise to the Lawsuit.

48.    All documents relating to "Carlton's customer lists, historical purchase information, pricing strategies, profitability, gross and net profit margins, and equipment needs and plans," referenced in Paragraphs 42 and 43 of your Complaint, that you allege Grafstein misappropriated or misused in any way.

49.    All documents relating to the "trade secret information" Defendants "have used, disclosed, or threatened to use or disclose," as alleged in Paragraph 44 of your Complaint.

50.    All documents relating to the "trade secrets" referenced in Paragraph 46 of your Complaint.

51.    All documents relating to any communications between you and Grafstein and/or Biz 120 relating to any of the refurbished wireless scanning devices and other equipment that Biz 120 delivered to Carlton, including but not limited to all invoices and statements Carlton received relating to these products from Biz 120, and all notes, correspondence, memoranda, diaries, calendars, notebooks, journals, e-mails, and all other Carlton internal communications that relate to the delivery or receipt of or payment for these products, between May 2007 and the present.

52.    All documents relating to any communications between you and Grafstein concerning you granting Grafstein permission to pursue the brokers, suppliers, and vendors used by Carlton.

53.    All Carlton non-privileged communications and documents relating to Grafstein's lawsuit against Carlton, pending in the Circuit Court of Cook County, Illinois, and captioned as *Biz 120, Inc. v. Bracken Technologies, Inc. d/b/a Carlton Technologies, Inc.*, Case No. 2007-M2--002346.

54.    All non-privileged communications and documents relating to the filing of the Lawsuit and/or appearing in the Lawsuit.

55.    All notes, correspondence, memoranda and other documents, including but not limited to any diaries, calendars, notebooks or journals relating to Grafstein and to the allegations in your Complaint.

56.    All documents relating to the statement in Paragraph 4 of the Declaration of Ryan Bracken (the "Bracken Declaration") that you have spent in excess of $500,000 to compile a database containing critical confidential information about your customers and prospective customers.

57.     All documents relating to your "confidential pricing strategies and business plans," as referenced in Paragraph 6 of the Bracken Declaration.

58.     Complete copies of all employee handbooks in effect at any point during Grafstein's employment with Carlton.

59.     Complete copies of all documents indicating that Grafstein received copies of any employee handbook in effect at any point during Grafstein's employment with Carlton.

60.     All documents relating to the "directives" referenced in Paragraph 18 of the Bracken Declaration.

61.     All documents relating to the investigation that is referenced in Paragraphs 18 and 19 of the Bracken Declaration.

62.     All documents relating to the statement in Paragraph 25 of the Bracken Declaration that "[o]n multiple dates, Grafstein logged off of his company issued laptop and logged back on to the confidential database via his personal laptop or home computer just minutes later."

63.     All documents relating to the statement in Paragraph 29 of the Bracken Declaration that you "spent in excess of $5,000 investigating Grafstein's improper use of [your] computer systems."

64.     All documents relating to any damages that you have suffered as a result of Grafstein's and/or Biz 120's alleged misconduct and which you seek to recover in the Lawsuit.

65.     All documents, including but not limited to invoices, relating to the amount of attorneys' fees and costs you have incurred as a result of Grafstein's and/or Biz 120's alleged misconduct and which you seek to recover in the Lawsuit.

Dated:  April  11, 2008

Respectfully submitted,

**JEFFREY GRAFSTEIN and BIZ 120, INC.**

By: _____
        One of Their Attorneys

Michael G. Kelber
Chad W. Moeller
Sonya Rosenberg
Neal, Gerber & Eisenberg, LLP
2 N. LaSalle Street, Suite 2200
Chicago, IL  60602
(312) 269-8000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendants' First Set of Requests for Production of Documents to Plaintiff**, was served upon the following:

John M. Dickman
Ronald Y. Rothstein
Sheila P. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

via electronic and U.S. Mail on this 11th day of April, 2008.

_____
One of Defendants' Attorneys

NGEDOCS: 1515924.4

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARLTON TECHNOLOGIES, INC., )
 )
    Plaintiff, ) Case No. 07-C 06757
 )
  v. ) Judge Coar
 ) Magistrate Judge Mason
JEFFREY GRAFSTEIN )
and BIZ 120, INC., )
 )
    Defendants. )

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

  Plaintiff Carlton Technologies, Inc. ("Carlton") hereby submits its objections and responses to Jeffrey Grafstein ("Grafstein") and BIZ 120, Inc., ("BIZ 120") (collectively "Defendants'") First Set of Interrogatories.

### GENERAL OBJECTIONS

  1. Carlton objects to each document request to the extent it is overly broad, unduly burdensome, oppressive, or harassing. Carlton further objects to each document Request to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* Fed. R. Civ. P. 26(b)(2)(iii).

  2. Carlton objects to each interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, work-product doctrine, or other applicable privilege. To the extent any information or documents might be provided pursuant to any document request or interrogatory, no information or documents subject to such privileges will be produced and

any inadvertent production thereof will not be deemed a waiver of any privilege or protection with respect to such information.

3.    Carlton objects to each interrogatory to the extent it calls for the production of confidential and proprietary business information or documents. Such information and documents will be produced only after a protective order sufficient to protect the confidentiality of this information has been agreed to by the parties and has been entered by the Court.

4.    Carlton objects to each interrogatory to the extent it seeks information or documents protected from discovery by a third-party's privilege, privacy right, or other doctrine protecting third-party information from being produced. This includes, but is not limited to, the rights and privileges of Carlton's clients and customers.

5.    Carlton objects to each interrogatory to the extent it purports to require Carlton to provide information or documents that are not in its possession, custody, or control. Carlton further objects to each document request and interrogatory to the extent it purports to require Carlton to provide information or documents that are equally available to Plaintiff from other sources.

6.    Carlton objects to each interrogatory to the extent it seeks information or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Carlton's responses and objections are made without waiving: (i) the right to object to the use of any document for any purpose, in this action or in any other action, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (ii) the right to object to any other discovery requests involving or relating to the subject matter of the requests responded

2

to herein; and (iii) the right to assert additional general and specific objections to these discovery requests as appropriate and to supplement these objections and responses.

8.    To the extent Carlton agrees to produce documents in response to any particular interrogatory, such an agreement (i) is not intended to suggest such documents are relevant or admissible, (ii) is not intended to suggest Carlton agrees with any characterizations in or implications of that request, (iii) means Carlton will undertake a search for documents from reasonably accessible sources that is reasonable and appropriate in scope and consistent with its obligations under the Federal Rules of Civil Procedure, and (iv) means Carlton reserves the right to supplement the production during the course of discovery.

9.    The foregoing General Objections are incorporated into each of the responses that follow.  The stating of a specific objection or response shall not be construed as a waiver of these General Objections, and all responses should be understood to be "subject to" these General Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

1.    Identify all persons having knowledge of the facts set forth in the Complaint, and identify the facts of which each such person has knowledge.

**ANSWER:** Carlton objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton objects to this interrogatory to the extent it seeks information more appropriately sought at deposition. Subject to this objection, Carlton responds as follows:

a. Ryan Bracken

b. Jennifer Elmer

3

2.    Identify all experts or opinion witnesses you have retained or consulted, or who you plan to retain or consult, in connection with the Lawsuit (whether in preparation for trial, a motion or any other proceeding, or otherwise as part of the Lawsuit), and, for each such person, describe: (a) his/her qualifications; (b) the subject matter on which he/she is expected to testify, and (c) the substance of the facts and/or opinions on which he/she is expected to testify.

**ANSWER:** Carlton objects to these Interrogatories as they are premature and call for

information not yet required to be disclosed. Carlton also objects to these interrogatories to the

extent that they purport to impose obligations on Carlton contrary to the specific instructions for

expert witness disclosure contained in Federal Rule of Civil Procedure 26. Subject to and

without waiving these objections and Carlton's general objections, Carlton will provide

information responsive to these interrogatories in accordance with the Court's Scheduling Order.


3.    Identify each person you expect to provide sworn testimony at trial or otherwise as part of the Lawsuit, and for each such person, describe the subject matter on which he/she is expected to testify.

**ANSWER:** Carlton objects to this Interrogatory as premature, as it concerns the subject

of ongoing investigation.  Subject to and without waiving this objection and Carlton's general

objections, Carlton answers as follows:  At the present time, only Ryan Bracken and Grafstein

have been identified to provide testimony.  They are expected to testify on the subject of Mr.

Graftein's theft of trade secrets and his violation of the non-solicitation agreement between him

and Carlton.


4.    Identify and itemize all the damages that you have incurred to date and that you seek to recover in the Lawsuit.

**ANSWER:** Carlton objects to this Interrogatory as it is premature and calls for expert

analysis not yet required to be disclosed. Carlton also objects to these interrogatories to the

extent that they purport to impose obligations on Carlton contrary to the specific instructions for

expert witness disclosure contained in Federal Rule of Civil Procedure 26. Subject to and

without waiving these objections and Carlton's general objections, Carlton will provide

information responsive to these interrogatories in accordance with the Court's Scheduling Order.

5.    Identify the amount of all the attorneys' fees and costs you have incurred to date and that you seek to recover in the Lawsuit.

**ANSWER:** Subject to and without waiving Carlton's general objections, Carlton

responds that as of May 7, 2008, it has thus far incurred attorneys' fees, costs and disbursements

of $75,560.81.

6.    Identify the "three sales professionals who are devoted full-time to developing new business opportunities and servicing existing customers," as alleged in Paragraph 8 of your Complaint.

**ANSWER:** Subject to and without waiving Carlton's general objections, Carlton

responds:

    a.  Tim Bracken

    b.  Nick Motsch

    c.  Jennifer Elmer

7.    Identify the customers, potential customers, vendors, and suppliers with which you have a relationship that is "recurring and long-term in nature," as alleged in Paragraph 9 of your Complaint.

**ANSWER:**  Carlton objects to this Interrogatory as overly broad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton also

objects to this Interrogatory as vague to the extent that it seeks information on the undefined

terms "potential customers." Carlton objects to this Interrogatory to the extent it seeks

confidential or proprietary business information. Subject to and without waiving the above general and specific objections, Carlton responds that such customers include but are not limited to those listed in Defendants' response to Carlton's Interrogatory Number 3.

8.     Identify all customers or clients for which you performed any services or to which you sold equipment between February 8, 2006, and February 8, 2007, and for each person or entity identified:
   a.     identify all services performed for, and/or equipment sold to, such client;
   b.     the date or dates of such service or sale;
   c.     the Carlton employee or employees responsible for servicing the client's account; and
   d.     the amount of sales.

**ANSWER:** Carlton objects to this Interrogatory as it is premature and calls for expert analysis not yet required to be disclosed. Carlton also objects to these interrogatories to the extent that they purport to impose obligations on Carlton contrary to the specific instructions for expert witness disclosure contained in Federal Rule of Civil Procedure 26. Subject to and without waiving the above general and specific objections, Carlton will provide information responsive to these interrogatories in accordance with the Court's Scheduling Order.

9.     With which of Carlton's clients do you claim Defendants were/are prohibited from conducting business? For each such client, identify the time period during which Defendants were/are prohibited from conducting business, and state the basis or bases for your claim that Defendants were/are prohibited from conducting business with such client.

**ANSWER:** Subject to and without waiving its general objections, Carlton refers defendant(s) to the non-solicitation provision in the Employment Agreement ("the Agreement") executed between Carlton and Grafstein. The scope of his rights and Carlton's with respect to the subject matter of this question are defined therein.

10.    Identify all information contained in the database referenced in Paragraph 10 of your Complaint that you allege to be confidential and in which you allege to have a legally protectable interest.

**ANSWER:** Subject to and without waiving its general objections, Carlton responds as follows:

    a.  all information in our CRM Database

    b.  all information contained in and managed by our NetSuite® software

    c.  all information contained in and managed by our Everest® software

＊    11.    Identify all Carlton customers or clients for whom Grafstein created proposals, to whom Grafstein made pitches, with whom Grafstein met, or with whom Grafstein communicated during his employment with Carlton, as alleged in Paragraph 17 of your Complaint.

**ANSWER:** Carlton objects to this Interrogatory on the grounds that it is premature in that it seeks information that is the subject of Carlton's discovery against Defendants and because it seeks information that is exclusively within the knowledge, custody and control of Defendants.

＊    12.    Identify the "single day in October 2006" on which Grafstein allegedly engaged in the wrongdoing referenced in Paragraph 24 of your Complaint.

**ANSWER:** Carlton objects to this Interrogatory on the grounds that it is premature in that it seeks information that is the subject of Carlton's discovery against Defendants and because it seeks information that is exclusively within the knowledge, custody and control of Defendants.

13.    Identify the "main purchasing contact" and the "longtime customer of Carlton" referenced in Paragraph 28 of your Complaint.

**ANSWER:** Subject to and without waiving the above general objections, Carlton responds as follows: the main purchasing contact is Chris McCarty and the "longtime customer of Carlton" is Allsup Convenience Store.

14.    Identify the "other Carlton customers and contacts" to whom "Grafstein sent multiple identical or similar communications" during the restricted period, as alleged in Paragraph 28 of your Complaint.

**ANSWER:**    Carlton objects to this Interrogatory on the grounds that it is premature in that it seeks information that is the subject of Carlton's discovery against Defendants and because it seeks information that is exclusively within the knowledge, custody and control of Defendants.

15.    Identify the "second largest customer" referenced in Paragraph 29 of your Complaint, and identify the customer's purchase history (i.e., date(s) of purchase(s), amount(s) of purchase(s) and product(s) or service(s) purchased) with Carlton.

**ANSWER:** Carlton objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the above general and specific objections, Carlton responds that the second largest customer referred to in Paragraph 29 of its Complaint is Jetro Cash & Carry.

16.    Identify all "Carlton's customer lists, historical purchase information, pricing strategies, profitability, gross and net profit margins, and equipment needs and plans" referenced in Paragraph 42 of your Complaint, and, with regard to each, state the factual basis for the allegation, contained in the same Paragraph, that it is "sufficiently secret to derive economic value from not being generally known to other persons or entities."

**ANSWER:** Carlton objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Carlton also objects to this Interrogatory as premature, as it seeks information that will be the subject of expert analysis. Subject to the above general and specific requests, Carlton will provide information responsive to these interrogatories in accordance with the Court's Scheduling Order.

17. Identify all (a) "customers" that Grafstein has solicited and (b) "confidential information" that Grafstein has misappropriated and utilized, as alleged in Paragraph 50 of your Complaint. For each incident, identify the customer and/or confidential information that was solicited/misappropriated and the date(s) of such solicitation/misappropriation.

**ANSWER:** Carlton objects to this Interrogatory to the extent it purports to require Carlton to provide information or documents that are not in its possession, custody, or control. Carlton further objects to each document request and interrogatory to the extent it purports to require Carlton to provide information or documents that are more readily available to defendant(s). Carlton also objects to this interrogatory as premature in that it seeks information that shall be the subject of Carlton's discovery against Defendants and because it seeks information that is exclusively within the knowledge, custody and control of Defendants.

18. Identify all customers and prospective customers Grafstein solicited on behalf of Biz 120 and/or diverted to Biz 120 while still employed by Carlton, as alleged in Paragraph 54 of your Complaint.

**ANSWER:** Carlton objects to this Interrogatory to the extent it purports to require Carlton to provide information or documents that are not in its possession, custody, or control. Carlton further objects to each document request and interrogatory to the extent it purports to require Carlton to provide information or documents that are more readily available to

defendant(s). Carlton also objects to this interrogatory as premature in that it seeks information that shall be the subject of Carlton's discovery against Defendants and because it seeks information that is exclusively within the knowledge, custody and control of Defendants.

19.     Identify the monetary value of the "business" that Grafstein diverted to Biz 120 while still employed by Carlton, as alleged in Paragraph 54 of your Complaint.

**ANSWER:** Carlton objects to this Interrogatory to the extent it purports to require Carlton to provide information or documents that are not in its possession, custody, or control. Carlton further objects to each document request and interrogatory to the extent it purports to require Carlton to provide information or documents that are more readily available to defendant(s). Carlton also objects to this interrogatory as premature, and seeks information that shall be the subject of Carlton's discovery against Defendants and because it seeks information that is exclusively within the knowledge, custody and control of Defendants..

20.     Identify all Carlton customers with whom Grafstein had contact during his employment with Carlton, and for each such person, identify the date or dates of such contact and Carlton's sales to such customers during the period of Grafstein's employment with Carlton.

**ANSWER:** Carlton objects to this Interrogatory to the extent it purports to require Carlton to provide information or documents that are not in its possession, custody, or control. Carlton further objects to each document request and interrogatory to the extent it purports to require Carlton to provide information or documents that are more readily available to defendant(s). Carlton also objects to this interrogatory as premature in that it seeks information that shall be the subject of Carlton's discovery against Defendants and because it seeks information that is exclusively within the knowledge, custody and control of Defendants.

21.    Identify all Carlton customers that Grafstein solicited in violation of his contractual or other obligations, and state the date(s) of such solicitations.

**ANSWER:** Carlton objects to this Interrogatory to the extent it purports to require Carlton to provide information or documents that are not in its possession, custody, or control. Carlton further objects to each document request and interrogatory to the extent it purports to require Carlton to provide information or documents that are more readily available to defendant(s). Carlton also objects to this interrogatory as premature as it seeks information that shall be the subject of Carlton's discovery against Defendants and because it seeks information that is exclusively within the knowledge, custody and control of Defendants.

22.    Do you claim that Grafstein and/or Biz 120 was prohibited from providing goods or services to a Carlton customer during the six-month period following Grafstein's resignation from Carlton if the customer initiated contact with Grafstein during the restricted period (i.e., Grafstein did not solicit the customer)? If your answer is yes, state the basis or bases of your answer.

**ANSWER:** Carlton objects to this Interrogatory on the basis that the Employment Agreement ("the Agreement") speaks for itself, and to the extent this Interrogatory seeks contract interpretation, it calls for a legal conclusion.

23.    Identify all third parties and employees or agents of Carlton who participated in conducting any investigation of any wrongdoing by Grafstein and/or Biz 120.

**ANSWER:** Subject to and without waiving the above general objections, Carlton responds as follows:  Ryan Bracken, Jennifer Elmer and Elijah Technologies.

24.    Identify the Carlton employees and independent contractors to whom Ryan Bracken issued a directive to begin an investigation into Grafstein's activities, as referenced in Paragraph 18 of the Declaration of Ryan Bracken, and identify the date(s) on which such directive was issued.

**ANSWER:** Subject to and without waiving the above general objections, Carlton responds as follows: Ryan Bracken, Jennifer Elmer and Elijah Technologies.

Dated: May 12, 2008

Respectfully submitted,

Carlton Technologies, Inc.

By:_____
One of Their Attorneys

John M. Dickman
Ronald Y. Rothstein
Sheila P. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive.
Chicago, IL 60601
(312) 558-5600 (phone)
(312) 558-5700 (fax)
rrothstein@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES** , was served upon the following attorneys via electronic and U.S. Mail on this 12th day of May, 2008.

Michael G. Kelber
Chad W. Mloeller
Neal Gerber & Eisenberg LLP
2 North LaSalle Street
Suite 2200
Chicago, Illinois 60602

_____/s/ Ronald Y. Rothstein_____
Ronald Y. Rothstein