## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARLTON TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 06757 |
| | ) | |
| v. | ) | Judge Coar |
| | ) | Magistrate Judge Mason |
| JEFFREY GRAFSTEIN | ) | |
| and BIZ 120, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS'
### FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff Carlton Technologies, Inc., ("Carlton") hereby submits its objections and responses to Jeffrey Grafstein ("Grafstein") and BIZ 120, Inc., ("BIZ 120") (collectively "Defendants'") First Set of Requests for Production.

### GENERAL OBJECTIONS

1.    Carlton objects to each document request to the extent it is overly broad, unduly burdensome, oppressive, or harassing.  Carlton further objects to each document Request to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* Fed. R. Civ. P. 26(b)(2)(iii).

2.    Carlton objects to each document request to the extent it seeks information or documents protected by the attorney-client privilege, work-product doctrine, or other applicable privilege.  To the extent any information or documents might be provided pursuant to any document request or interrogatory, no information or documents subject to such privileges will

be produced and any inadvertent production thereof will not be deemed a waiver of any privilege or protection with respect to such information.

3.    Carlton objects to each document request to the extent it calls for the production of confidential and proprietary business information or documents.  Such information and documents will be produced only after a protective order sufficient to protect the confidentiality of this information has been agreed to by the parties and has been entered by the Court.

4.    Carlton objects to each document request to the extent it seeks information or documents protected from discovery by a third-party's privilege, privacy right, or other doctrine protecting third-party information from being produced.  This includes, but is not limited to, the rights and privileges of Carlton's clients and customers.

5.    Carlton objects to each document request to the extent it purports to require Carlton to provide information or documents that are not in its possession, custody, or control.  Carlton further objects to each document request and interrogatory to the extent it purports to require Carlton to provide information or documents that are equally available to Plaintiff from other sources.

6.    Carlton objects to each document request to the extent it seeks information or documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Carlton's responses and objections are made without waiving:  (i) the right to object to the use of any document for any purpose, in this action or in any other action, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (ii) the right to object to any other discovery requests involving or relating to the subject matter of the requests responded

to herein; and (iii) the right to assert additional general and specific objections to these discovery requests as appropriate and to supplement these objections and responses.

8.    To the extent Carlton agrees to produce documents in response to any particular document request or interrogatory, such an agreement (i) is not intended to suggest such documents are relevant or admissible, (ii) is not intended to suggest Carlton agrees with any characterizations in or implications of that request, (iii) means Carlton will undertake a search for documents from reasonably accessible sources that is reasonable and appropriate in scope and consistent with its obligations under the Federal Rules of Civil Procedure, and (iv) means Carlton reserves the right to supplement the production during the course of discovery.

9.    The foregoing General Objections are incorporated into each of the responses that follow.  The stating of a specific objection or response shall not be construed as a waiver of these General Objections, and all responses should be understood to be "subject to" these General Objections

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1.    All documents consulted, referred to or relied upon in answering Defendants' First Set of Interrogatories to Plaintiff.

**RESPONSE:**  Carlton objects to this Request to the extent that it seeks documents protected by the attorney-client or attorney work product doctrine.  Carlton further objects that Defendants are already in possession of the documents sought in this Request.

2.    All documents identified in response to Defendants' First Set of Interrogatories to Plaintiff.

**RESPONSE:**  Carlton objects to this Document Request as being duplicative of Request

3

Number 1.  Carlton also objects to this Request to the extent that it seeks documents protected by the attorney-client or attorney work product doctrine.

3.    All documents and other information identified in your Rule 26(a)(1) Initial Disclosures.

**RESPONSE:**  Carlton objects to this Request to the extent that it seeks documents not in Carlton's possession, custody, control.  Carlton further objects that Defendants are already in possession of documents sought by this Request.

4.    All statements or affidavits by or from any person or entity, relating to the events and allegations referred to or made in your Complaint.

**RESPONSE:**  Carlton objects to this Request as vague and ambiguous because it literally purports to seek all documents concerning statements made by any person or entity, which has no reasonable boundary and presents an unduly burdensome challenge to Carlton. Carlton further objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Carlton further objects that Defendants are already in possession of the documents sought in this Request.

5.    The complete reports of any experts or consultants who you have retained in this litigation.

**RESPONSE:**  Carlton objects to this Request on the grounds that it is premature to the extent it is asking for expert reports, which will be produced in accordance with the Court's Scheduling Order.   Carlton also objects to the extent that this Request seeks discovery

concerning any consultant or expert witness Carlton may have retained in connection with this

case, but who will not present opinions or testimony at trial, as such discovery is privileged,

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. *See*

Fed. R. Civ. P. 26(a)(2).

      6.    All documents relating to Grafstein's work-related travels and expense reports.

    **RESPONSE:**  Carlton objects to this Request on the grounds that it is overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  Carlton also objects that Defendants are in possession of documents sought in this

Request.

      7.    All documents relating to any confidential, sensitive, or proprietary information
and trade secrets allegedly misappropriated by Grafstein from Carlton.

    **RESPONSE:**  Carlton objects to this Request to the extent it seeks information,

documents and things protected by the attorney-client privilege, the attorney work product

doctrine, and/or other applicable privileges.  Carlton further objects that Defendants are already

in possession of the documents sought in this Request.

      8.    All documents relating to any "confidential information," "confidential and
proprietary information," and "trade secrets," referenced in Paragraph 1 of your Complaint.

    **RESPONSE:**  Carlton objects to this Request as overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.  Carlton also objects

that Defendants are already in possession of the documents sought in this Request.  Carlton

further objects to this Request because it seeks confidential, private business and commercial

information that is not relevant to this litigation.

9.    All documents relating to the allegations in Paragraph 1 of your Complaint that Grafstein "intentionally diverted business opportunities from Carlton while still under its employment."

**RESPONSE:**    Carlton objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.    Carlton also objects that Defendants are in possession of the documents sought in this Request.

10.    All documents identifying Carlton's customers, the date on which Carlton began conducting business with each such customer and/or the amount of sales to each such customer.

**RESPONSE:** Carlton also objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.    Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

11.    All documents relating to the allegations in Paragraph 10 of your Complaint that "Carlton has compiled a database of critical confidential information about its customers and prospective customers," including but not limited to the complete database itself and all documents and source materials used to compile the information in that database.

**RESPONSE:** Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.    Carlton also objects that Defendants are already in possession of the documents sought in this Request.

12.    All documents relating to the allegations in Paragraph 11 of your Complaint that "Carlton maintains confidential information about the various vendors," including but not limited to all such confidential information and all documents and source materials used to compile such information.

**RESPONSE:**  Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton also objects that Defendants are already in possession of the documents sought in this Request.

13.    All documents relating to the allegations in Paragraph 12 of your Complaint that, "in its computer systems, Carlton maintains numerous files titled 'electronic price ordering guides' or 'epogs'" and that the information contained in these "epogs" is "no longer publicly available," including but not limited to the "epogs" themselves and all documents and source materials used to prepare them.

**RESPONSE:**  Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton also objects that Defendants are already in possession of the documents sought in this Request.

14.    All documents relating to the "several strict security measures" that Carlton "implemented ... to insure that its confidential information and trade secrets are not used or disclosed outside of Carlton or outside of the key employees with whom such information is shared," as alleged in Paragraph 13 of your Complaint, including but not limited to all security-related and computer password-related policies, rules, regulations, protocols, specifications of any kind, and any other security measures in place to safeguard Carlton's confidential and proprietary information.

**RESPONSE:**  Carlton objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.  Subject to the above specific and general objections, and to the extent such documents exist, Carlton agrees to produce all non-privileged, responsive documents located through a reasonable search.

15.    Complete copies of all signed confidentiality agreements, as referenced in Paragraph 13 of your Complaint.

**RESPONSE:**  Carlton also objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the above specific and general objections, and to the extent such documents exist, Carlton agrees to produce all non-privileged, responsive documents located through a reasonable search.

16.    A complete copy of the job description, and all prior versions thereof, relating to the position of Senior Account Executive and Director of Wireless Data Collection and Scanning Devices, referenced in Paragraph 14 of your Complaint.

**RESPONSE:**  Carlton also objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

17.    All documents indicating the identities of Carlton customers with which Grafstein had contact and/or to which Grafstein was "assigned," as referenced in Paragraph 18 of your Complaint.

**RESPONSE:**  Carlton objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton further objects that documents sought by this request are already in Defendants' possession, custody or control.

18.    All documents relating to the "confidential information and trade secrets" referenced in Paragraph 19 of your Complaint.

**RESPONSE:**  Carlton objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton also objects that documents sought by this request are already in Defendants'

possession, custody or control. Subject to the above specific and general objections, and to the extent such documents exist, Carlton agrees to produce all non-privileged, responsive documents located through a reasonable search.

19.    All documents and communications between Grafstein and any person affiliated with Carlton relating to Grafstein's resignation, referenced in Paragraph 20 of your Complaint, and Grafstein's return of his Carlton-issued laptop computer.

**RESPONSE:**  Carlton objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it literally seeks all documents and communications between Graftstein and "any person affiliated" with Carlton. Carlton also objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Subject to the above specific and general objections, and to the extent such documents exist, Carlton agrees to produce all non-privileged, responsive documents located through a reasonable search

20.    Complete copies of the "public records" referenced in Paragraph 21 of your Complaint.

**RESPONSE**:  Carlton objects to this Request to the extent that it seeks documents that are publicly available and equally accessible to Plaintiffs.

21.    All documents relating "Carlton's business model," as referenced in Paragraph 22 of your Complaint.

**RESPONSE:**  Carlton objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

evidence.  Carlton objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

22.    All documents relating to the allegations in Paragraph 23 of your Complaint that Grafstein "intentionally diverted business leads and opportunities from Carlton to Biz 120," including but not limited to all documents relating to your alleged "investigation" of such activity to date and relating to the "two business opportunities that Grafstein did not reveal to Carlton."

**RESPONSE:**  Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

23.    All documents relating to the "transactions" referenced in Paragraph 23 of your Complaint.

**RESPONSE:**  Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

24.    All documents relating to Grafstein's employment with Carlton, including but not limited to all documents relating to Grafstein's application with Carlton; Grafstein's position, tasks and responsibilities; all employment agreements and contracts and their drafts; all performance appraisals and reviews; Grafstein's salary; Grafstein's complete personnel file; and Grafstein's resignation from Carlton.

**RESPONSE:**  Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

25.     Copies of all agreements containing any non-solicitation provisions or any other restrictive covenants between Carlton and any present or former Carlton employees.

**RESPONSE:** Carlton objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

26.     For all employees with which Carlton entered into any agreements containing any non-solicitation provisions or any other restrictive covenants, all correspondence, pleadings, and all other documents indicating that Carlton sought court enforcement of the non-solicitation provision and/or the restrictive covenant(s) or otherwise communicated with the employee or his/her counsel regarding the non-solicitation provision and/or the restrictive covenant(s) upon or after termination of employment.

**RESPONSE:** Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

27.     The complete personnel file of Jason Lee, including but not limited to, any non-disclosure and/or non-solicitation agreement between Carlton and Mr. Lee.

**RESPONSE:** Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private third party information that is not relevant to this litigation.

28.     All documents relating to the termination of Jason Lee, including but not limited to, any documents relating to any agreement or understanding between Carlton and Mr. Lee that Mr. Lee may contact and/or provide goods or services to current and/or former Carlton brokers, dealers, suppliers, and/or other non-end user customers.

**RESPONSE:** Carlton objects to this Request as overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private third party information that is not relevant to this litigation.

29.     All documents indicating the identities of the Carlton customers with whom Grafstein had contact during his employment with Carlton.

**RESPONSE:**  Carlton objects to this Request as being duplicative of at least Request Number 17.  Carlton also objects that Defendants are already in possession of the documents sought in this Request.

30.     All documents indicating the identities of the Carlton customers about whom Grafstein learned or obtained information concerning their need for equipment or services as a result of Grafstein's employment with Carlton.

**RESPONSE:**  Carlton objects to this Request as unduly burdensome to the extent that it asks Carlton to produce documents relating to Defendants' knowledge or lack thereof, and are therefore more appropriately produced by defendantS.

31.     Complete copies of all proposals that Grafstein made to Carlton's customers.

**RESPONSE:**  Carlton objects to this Request on the grounds that it seeks discovery that is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton also objects to this Request to the extent that it seeks documents not in Carlton's possession, custody, or control.  Carlton objects that Defendants are already in possession of documents sought by this Request.

32.    All documents, including but not limited to any investigatory reports or notes, relating to the allegations in Paragraph 24 of your Complaint.

**RESPONSE:** Carlton objects to this Request on the grounds that it seeks discovery that is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Carlton also objects to this Request to the extent that it seeks documents not in Carlton's possession, custody, or control. Carlton further objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

33.    All documents relating to your "investigation" of Grafstein's and/or Biz 120's alleged wrongdoing toward Carlton.

**RESPONSE:** Carlton objects on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges. Subject to the above specific and general objections, Carlton will produce all relevant, non-privileged documents and electronically stored information in its current possession, custody, or control that are responsive to this Request.

34.    A complete copy of the "Price Guide" referenced in Paragraph 25 of your Complaint.

**RESPONSE:** Carlton objects to this Request on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

35.    Complete copies of the documents titled "Epog 95," Epog 97," "Epog 98," and "Epog 99," as referenced in Paragraph 25 of your Complaint.

**RESPONSE:** Carlton objects to this Request on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

36.    All documents relating to the allegations in Paragraph 25 of your Complaint that Grafstein downloaded the "Price Guide" and documents titled "Epog 95," Epog 97," "Epog 98," and "Epog 99."

**RESPONSE:** Carlton objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

37.    All documents relating to all the "sensitive and confidential information," referenced in Paragraph 26 of your Complaint.

**RESPONSE:** Carlton objects to this Request as unduly burdensome to the extent that it seeks "all documents" relating to "all" of the sensitive and confidential information in question. Carlton objects on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

38.    All documents relating to the allegations in Paragraph 28 of your Complaint that Grafstein "solicited Carlton's customers, and diverted business opportunities from Carlton on behalf of Biz 120."

**RESPONSE:** Carlton objects to this Request because it seeks documents in Defendants' possession, custody or control.

39.    A complete copy of the May 25, 2007 e-mail referenced in Paragraph 28 of your Complaint.

**RESPONSE:** Carlton objects to this Request because it seeks documents in Defendants' possession, custody or control.

40.    Complete copies of the "similar communications" that Grafstein allegedly sent to other Carlton customers and contacts, as alleged in Paragraph 28 of your Complaint.

**RESPONSE:** Carlton also objects to this Request to the extent that it seeks documents not in Carlton's possession, custody, or control.  Carlton further objects that the documents sought by this request are in Defendants' possession, custody or control.

41.    All documents relating to the allegations in Paragraph 29 of your Complaint that [d]uring the restricted period ... Grafstein and Biz 120 sold and shipped products to Carlton's second largest customer."

**RESPONSE:** Carlton also objects to this Request to the extent that it seeks documents not in Carlton's possession, custody, or control.  Carlton further objects that the documents sought by this request are in Defendants' possession, custody or control.

42.    All documents relating to the "confidential information and trade secrets" referenced in Paragraph 31 of your Complaint.

**RESPONSE:** Carlton objects to this Request as unduly burdensome to the extent that it seeks "all documents" relating to confidential information and trade secrets in question.  Carlton objects on the grounds that it seeks discovery that is not reasonably calculated to lead to the

discovery of admissible evidence.  Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

43.    All documents relating to the "confidential business plans, confidential customer pricing information, confidential sales forecasts, and revenue forecasts" that you allege Grafstein "stole" using a portable media storage system in Paragraph 32 of your Complaint.

**RESPONSE:**  Carlton objects to this Request as unduly burdensome to the extent that it seeks "all documents" relating to confidential information in question.  Carlton objects on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence.  Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

44.    All documents relating to the "trade secret information" referenced in Paragraph 36 of your Complaint.

**RESPONSE:**  Carlton objects to this Request as unduly burdensome to the extent that it seeks "all documents" relating to the trade secret information in question.  Carlton objects on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence.  Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

45.    All documents relating to the "payments for measures aimed at discovering the extent and consequences of Grafstein's unauthorized activities and damage to the integrity of the data," as referenced in Paragraph 39 of your Complaint.

**RESPONSE:**  Carlton also objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

46.     All documents relating to the retention of any third party to investigate Grafstein's activities that gave rise to the Lawsuit.

**RESPONSE:**  Carlton also objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the above specific and general objections, Carlton will produce all responsive, non-privileged documents and electronically stored information in its current possession, custody, or control.

47.     All documents, including but not limited to a complete copy of any reports or drafts of reports, relating to any imaging, review, evaluation, analysis, inquiry, probe and/or investigation of Carlton's activities that gave rise to the Lawsuit.

**RESPONSE:**  Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Carlton further objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

48.     All documents relating to "Carlton's customer lists, historical purchase information, pricing strategies, profitability, gross and net profit margins, and equipment needs and plans," referenced in Paragraphs 42 and 43 of your Complaint, that you allege Grafstein misappropriated or misused in any way.

**RESPONSE:**  Carlton objects to this Request on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence.  Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.  Carlton further objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

49.    All documents relating to the "trade secret information" Defendants "have used, disclosed, or threatened to use or disclose," as alleged in Paragraph 44 of your Complaint.

**RESPONSE:** Carlton objects to this Request on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation. Carlton also objects to this Request to the extent that it seeks documents not in Carlton's possession, custody, or control. Carlton further objects that documents sought by this request are already in Defendants' possession, custody or control.

50.    All documents relating to the "trade secrets" referenced in Paragraph 46 of your Complaint.

**RESPONSE:** Carlton objects to this Request on the grounds that it is vague and overly broad, and seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation. Carlton also objects to this Request to the extent that it seeks documents not in Carlton's possession, custody, or control.

51.    All documents relating to any communications between you and Grafstein and/or Biz 120 relating to any of the refurbished wireless scanning devices and other equipment that Biz 120 delivered to Carlton, including but not limited to all invoices and statements Carlton received relating to these products from Biz 120, and all notes, correspondence, memoranda, diaries, calendars, notebooks, journals, e-mails, and all other Carlton internal communications that relate to the delivery or receipt of or payment for these products, between May 2007 and the present.

**RESPONSE:** Carlton objects to this Request on the grounds that it seeks discovery that

is not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

52.    All documents relating to any communications between you and Grafstein concerning you granting Grafstein permission to pursue the brokers, suppliers, and vendors used by Carlton.

**RESPONSE:** Carlton objects to this Request on the grounds that it is vague, ambiguous, and overly broad. Carlton further objects to this Request to the extent that it seeks documents outside of its possession, custody or control.

53.    All Carlton non-privileged communications and documents relating to Grafstein's lawsuit against Carlton, pending in the Circuit Court of Cook County, Illinois, and captioned as *Biz 120, Inc. v. Bracken Technologies, Inc. d/b/a Carlton Technologies, Inc.*, Case No. 2007-M2-002346.

**RESPONSE:** Carlton objects to this Request on the grounds that it is vague and ambiguous as it is unclear what is meant by the phrase all "Carlton non-privileged communications and documents." Carlton objects to this Request on the grounds that it seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton also objects to this Request to the extent that it seeks documents not in Carlton's possession, custody or control.

54.    All non-privileged communications and documents relating to the filing of the Lawsuit and/or appearing in the Lawsuit.

**RESPONSE:** Carlton objects to this Request on the grounds that it is vague and overly broad, and seeks discovery that is not reasonably calculated to lead to the discovery of

admissible evidence. Carlton also objects to this Request to the extent that it seeks documents not in Carlton's possession, custody or control.

55.     All notes, correspondence, memoranda and other documents, including but not limited to any diaries, calendars, notebooks or journals relating to Grafstein and to the allegations in your Complaint.

**RESPONSE:** Carlton objects to this Request on the grounds that it is vague, overly broad, unduly burdensome and seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton objects to this Request to the extent that it seeks documents not in Carlton's possession, custody, or control. Carlton further objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

56.     All documents relating to the statement in Paragraph 4 of the Declaration of Ryan Bracken (the "Bracken Declaration") that you have spent in excess of $500,000 to compile a database containing critical confidential information about your customers and prospective customers.

**RESPONSE:** Carlton objects to this Request on the grounds that it is vague, overly broad, unduly burdensome and seeks discovery that is not reasonably calculated to lead to the discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

57.     All documents relating to your "confidential pricing strategies and business plans," as referenced in Paragraph 6 of the Bracken Declaration.

**RESPONSE:** Carlton objects to this Request on the grounds that it is vague, overly broad, unduly burdensome and seeks discovery that is not reasonably calculated to lead to the

discovery of admissible evidence. Carlton further objects to this Request because it seeks confidential, private business and commercial information that is not relevant to this litigation.

58.     Complete copies of all employee handbooks in effect at any point during Grafstein's employment with Carlton.

**RESPONSE:** Carlton also objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above specific and general objections, and to the extent such documents exist, Carlton agrees to produce all non-privileged, responsive documents located through a reasonable search.

59.     Complete copies of all documents indicating that Grafstein received copies of any employee handbook in effect at any point during Grafstein's employment with Carlton.

**RESPONSE:** Carlton also objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above specific and general objections, and to the extent such documents exist, Carlton agrees to produce all non-privileged, responsive documents located through a reasonable search.

60.     All documents relating to the "directives" referenced in Paragraph 18 of the Bracken Declaration.

**RESPONSE:** Carlton also objects that this Request is not reasonably calculated to lead to the discovery of admissible evidence.

61.     All documents relating to the investigation that is referenced in Paragraphs 18 and 19 of the Bracken Declaration.

**RESPONSE:** Carlton objects to this Request as overly broad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Carlton objects to this Request to the extent that it seeks documents not in Carlton's possession, custody, or control. Carlton further objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

62.     All documents relating to the statement in Paragraph 25 of the Bracken Declaration that "[o]n multiple dates, Grafstein logged off of his company issued laptop and logged back on to the confidential database via his personal laptop or home computer just minutes later."

**RESPONSE:** Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Carlton objects that documents sought by this request are already in Defendants' possession, custody or control. Carlton further objects to this Request to the extent it seeks information, documents and things protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

63.     All documents relating to the statement in Paragraph 29 of the Bracken Declaration that you "spent in excess of $5,000 investigating Grafstein's improper use of [your] computer systems."

**RESPONSE:** Carlton objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the above specific and general objections, and to the extent such documents exist, Carlton agrees to produce all non-privileged, responsive documents located through a reasonable search.

64.    All documents relating to any damages that you have suffered as a result of Grafstein's and/or Biz 120's alleged misconduct and which you seek to recover in the Lawsuit.

**RESPONSE:**  Carlton objects to this Request on the grounds that it is premature to the extent it is asking for expert reports, which will be produced in accordance with the Pre-Trial Scheduling Order.  Subject to the above specific and general objections, Carlton will produce all relevant, non-privileged documents and electronically stored information in its current possession, custody, or control that are responsive to this Request.


65.    All documents, including but not limited to invoices, relating to the amount of attorneys' fees and costs you have incurred as a result of Grafstein's and/or Biz 120's alleged misconduct and which you seek to recover in the Lawsuit.

**RESPONSE:**  Carlton objects to this Request on the grounds that it is overly broad. Carlton also objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the above specific and general objections, Carlton will produce all relevant, non-privileged documents and electronically stored information in its current possession, custody, or control that are responsive to this Request.

Dated:  May 12, 2008

Respectfully submitted,

Carlton Technologies, Inc.

By:_____
        Ronald Y. Rothstein

John M. Dickman
Ronald Y. Rothstein
Sheila P. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600 (phone)

(312) 558-5700 (fax)
rrothstein@winston.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** was served upon the following attorneys via electronic and U.S. Mail on this 12th day of May, 2008:

> Michael G. Kelber
> Chad W. Moeller
> Neal Gerber & Eisenberg LLP
> 2 North LaSalle Street
> Suite 2200
> Chicago, Illinois 60602

/s/ Ronald Y. Rothstein

Ronald Y. Rothstein

# Exhibit C

# NEAL ▪ GERBER ▪ EISENBERG

Chad W. Moeller
Attorney at Law

Tel 312.269.5370
Fax 312.750.6452
cmoeller@ngelaw.com

May 15, 2008

<u>**VIA E-MAIL AND U.S. MAIL**</u>

Ronald Y. Rothstein
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601

**Re:**   *Carlton Technologies v. Jeffrey Grafstein and Biz 120; Case No. 07 C 6757;*
*Carlton's Responses to Defendants' Written Discovery Requests*

Dear Ron:

I send this letter pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2 concerning your client's deficient responses to Defendants' written discovery requests. This letter should not be construed as a waiver of additional objections that Defendants may have to Carlton's discovery responses. As a general proposition, I respectfully suggest that you advise your client that discovery is a two-way process. Mr. Grafstein should not be the only party who is expected to produce discoverable information.

## Carlton's Interrogatory Answers

In its Answers to Defendants' Interrogatories, Carlton repeatedly states that it "will provide information responsive to these interrogatories in accordance with the Court's Scheduling Order." *See, e.g.,* Carlton's Answers to <u>Interrogatory Nos. 4, 8 and 16</u>. While I am not certain to which "Scheduling Order" Carlton is referring, I assume that the references are to Judge Mason's Order dated March 5, 2008. But the March 5 Order does not modify the Federal Rules' requirement that a party must respond to written discovery requests within 30 days of service of the requests. Thus, Carlton is not excused from disclosing the information sought in Interrogatory Nos. 4, 8 and 16, including the identities of the customers with which Carlton conducted business during the period February 8, 2006 through February 8, 2007,[1] and a description of the items listed in Paragraph 42 of the Complaint which Carlton claims "are sufficiently secret to derive economic value from not being generally known to other persons or entities who can obtain economic value from its use or disclosure." If Carlton is not willing to produce this information now, and instead will produce it "in accordance with the Court's Scheduling Order," when exactly (*i.e.,* on what date) does Carlton intend on producing it?

In <u>Interrogatory Nos. 7, 8, 9, 11 and 20</u>, Defendants ask Carlton to identify the customers; (a) with which Carlton allegedly has "recurring and long-term" relationships, as alleged in

---

[1] The period February 8, 2006 through February 8, 2007 is the "twelve (12) month period prior to the termination of [Grafstein's] employment" as referenced in paragraph 10 of his Employment Agreement.

NEAL, GERBER & EISENBERG LLP

Ronald Y. Rothstein
May 15, 2008
Page 2

Paragraph 9 of the Complaint; (b) with which Carlton conducted business during the last twelve months of Mr. Grafstein's employment; (c) with which Defendants are prohibited from conducting business; (d) for which Mr. Grafstein created proposals, etc., as alleged in Paragraph 17 of the Complaint; and (e) with which Mr. Grafstein had contact during his employment with Carlton. Remarkably, Carlton responded by directing Defendants to Defendants' Answer to Carlton's Interrogatory No. 3, stating that the requests "call for expert analysis," directing Defendants to the definition of "Client" appearing in Mr. Grafstein's Employment Agreement, and/or stating that the information "is exclusively within the knowledge of" Defendants.

Defendants are baffled that Carlton is unable or unwilling to identify the very customers that are the subject of its Complaint. It is *Carlton* that alleges in Paragraph 9 of the Complaint that it has "recurring and long-term" relationships with its customers. Defendants are entitled to know who those customers are. It is *Carlton* that alleges in Paragraph 17 of the Complaint that Mr. Grafstein "created proposals for customers" during his employment. Defendants are also entitled to know who those customers are.

In response to Interrogatory Nos. 8 and 9 – which essentially ask Carlton to identify the "Clients" for which Carlton "performed services or sold equipment within [the] twelve (12) month period prior to the termination of [Mr. Grafstein's] employment" (*see* paragraph 10 of the Employment Agreement) – Carlton eventually refers Defendants to "the non-solicitation provision in the Employment Agreement." This circular response makes no sense. Defendants are entitled to the *names* of the "Clients."

With respect to Interrogatory No. 20, you know as well as I that under Illinois law an employee may only be restricted from soliciting customers with which he had contact during his employment with his former employer. *E.g., Abbott-Interfast Corp. v. Harkabus*, 250 Ill.App.3d 13 (2nd Dist. 1993) (holding that a non-solicitation provision which prohibits an employee from soliciting any of the employer's clients is less likely to be upheld as a reasonable restraint on trade than a restriction which prohibits an employee from soliciting clients with which he had contact while employed by the employer). Accordingly, Defendants are entitled to know the identities of "all Carlton customers with whom [Mr.] Grafstein had contact during his employment with Carlton," as requested in Interrogatory No. 20.

Carlton's responses to other Interrogatories are equally puzzling. In Paragraph 29 of the Complaint, Carlton alleges that Defendants sold and shipped product to Carlton's "second largest customer." While Carlton has identified the customer in response to Interrogatory No. 15, it has refused to produce the purchasing history of the customer. Defendants are entitled to verify that the customer is indeed Carlton's "second largest customer," and that Carlton sold product to the customer within the twelve-month period prior to Mr. Grafstein's resignation.

Interrogatory Nos. 17, 18 and 21 ask Carlton to identify customers and prospective customers that Defendants have solicited in violation of their legal obligations, yet Carlton responds that the information is in Defendants' possession. Carlton either has evidence that

NEAL, GERBER & EISENBERG LLP

Ronald Y. Rothstein
May 15, 2008
Page 3

Defendants unlawfully solicited its customers or it does not. If Carlton in fact has such evidence, Defendants are entitled to probe whether such customers are off limits (*i.e.*, whether Carlton conducted business with the customer within the twelve-month period prior to Mr. Grafstein's resignation).

Carlton's response to <u>Interrogatory No. 22</u> is also improper. Interrogatory No. 22 does not call for a legal conclusion as Carlton contends. Rather, it asks for Carlton's understanding of the term "solicit" as it appears in paragraph 10 of the Employment Agreement. Is it Carlton's position that the Agreement bars Mr. Grafstein from accepting business from a Carlton customer if Mr. Grafstein did not actively solicit the customer?

Finally, Carlton's Interrogatory Answers are not verified, as required by Rule 33. Please send your client's verification form as soon as possible.

**Carlton's Responses to Defendants' Request for Production**

Carlton's Responses to Defendants' Request for Production of Documents further confirm that Carlton improperly views discovery as a one-way flow of information. Carlton's response to <u>Request No. 1</u> is a prime example. Carlton objects to Request No. 1 on the grounds that the Request seeks information "already in [the] possession" of Defendants. How can this be? To the extent that Carlton actually answered any of Defendants' Interrogatories, Defendants are entitled to the documents upon which Carlton relied in answering the Interrogatories. Indeed, Carlton made the very same request of Defendants. *See* Carlton's Request for Production No. 3. Carlton must fully respond to Request No. 1, unless of course Carlton is now claiming that its Request for Production No. 3 is objectionable.

Defendants are further perplexed by Carlton's Response to <u>Request No. 3</u>. Defendants did not receive any documents with Carlton's Rule 26(a)(1) Initial Disclosures. To our knowledge, Carlton merely identified certain documents in its Disclosures. It produced nothing.

Carlton's objections to <u>Request Nos. 6, 7, 8, 9, 10, 11, 12, 13, 17, 21, 29, 30, 31, 34, 35, 38, 41, 42, 43, 44, 48, 49, 50, 57 and 62</u> are improper. Defendants are entitled to (a) verify the customers with which Mr. Grafstein dealt – particularly given that the term "Client" is defined in the Employment Agreement as customers with which Carlton conducted business in the twelve-month period prior to Mr. Grafstein's resignation; (b) receive copies of the documents and other information that Carlton claims is confidential, proprietary and/or a trade secret, and which Defendants have allegedly misappropriated; and (c) receive copies of Carlton's evidence which allegedly demonstrates that Defendants engaged in wrongdoing. Defendants cannot possibly mount a defense without this information. Any concerns Carlton has about preserving the confidentiality of this information is abated by the terms of the Agreed Protective Order. Carlton cannot have it both ways – it cannot make sweeping allegations about the sanctity of its customer relationships, the confidentiality of its information, and the impropriety of Defendants' conduct, yet refuse to produce information allowing Defendants to verify the allegations.

NEAL, GERBER & EISENBERG LLP

Ronald Y. Rothstein
May 15, 2008
Page 4

Defendants are similarly confused by Carlton's responses to Request Nos. 16 and 24, which ask for documents relating to Mr. Grafstein's employment with Carlton. If for no other reason, Grafstein is entitled to the documents pursuant to the Illinois Personnel Records Review Act, 820 ILCS § 40/0.01 *et seq.* Carlton must produce this information.

Defendants fail to understand how Carlton can allege in Paragraph 23 of the Complaint that Mr. Grafstein intentionally diverted business leads from Carlton and that he did not reveal two business opportunities to Carlton, yet Carlton will not produce any documents relating to the allegations. *See* Request Nos. 22 and 23. Is it Carlton's position that Defendants are not entitled to this information?

Carlton's objections to producing documents in response to Request Nos. 25, 26, 27 and 28 are similarly misguided. These Requests are relevant to the issues of waiver.

Defendants do not understand Carlton's objections to Request Nos. 39 and 40. Carlton obviously believes that it has copies of an incriminating email dated May 25, 2007 and other "similar communications", and it specifically references the email and communications in Paragraph 28 of the Complaint. Moreover, Carlton identified the May 25, 2007 email in its Rule 26(a)(1) Initial Disclosures. Defendants are entitled to copies of the email and other "similar communications".

In Paragraph 39 of the Complaint, under the Count alleging a violation of the Computer Fraud and Abuse Act (CFAA), Carlton alleges that it has made "payments for measures at discovering the extent and consequences of Grafstein's unauthorized activities and damages to the integrity of [Carlton's computer] data." How is it that Defendants are not entitled to documents verifying an essential element of Carlton's CFAA claim? *See* Request No. 45 and Carlton's Response thereto.

Carlton's objections to Request Nos. 51 and 53 are improper. Documents that are responsive to these Requests are relevant to the issue of whether Carlton has unclean hands.

Carlton's refusal to produce documents that are responsive to Request Nos. 60 and 61 is also misguided. Mr. Bracken's Declaration presumably contains relevant information, or he would not have submitted it in the first place. He has made Carlton's so-called "investigation" an issue in this case by raising the issue in the Declaration. Accordingly, Defendants are entitled to documents relating to the investigation.

Finally, Carlton has invoked the attorney-client privilege and work product doctrine for its Responses to many of Defendants' Requests. Please produce a privilege log as soon as possible.

NEAL, GERBER & EISENBERG LLP

Ronald Y. Rothstein
May 15, 2008
Page 5


   Please let me know when you are available for a Rule 37 conference to discuss these issues. If I do not hear from you by Thursday, May 22, 2008, we will assume that you have no interest in attempting to resolve these issues, and we will take appropriate action with the Court.



         Very truly yours,

         Chad W. Moeller


cc:  Michael Kelber
   Sonya Rosenberg
   Jeff Grafstein

NGEDOCS: 1531516.1

# Exhibit D

**Rosenberg, Sonya**

| | |
|---|---|
| **From:** | Moeller, Chad W. |
| **Sent:** | Tuesday, May 27, 2008 8:58 AM |
| **To:** | Rothstein, Ron |
| **Cc:** | Dickman, John M.; Frederick, Sheila P. |
| **Subject:** | Response to my Rule 37 letter |

Ron:

You have not responded to my Rule 37 letter dated May 15, 2008.  Please let me know if you have any interest in having a Rule 37 conference in an attempt to resolve our objections to Carlton's discovery responses, as outlined in the letter.  For the most part, I am available all week for a conference.  Please let me know where we stand.

Chad

Chad W. Moeller
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5370 (direct)
(312) 750-6452 (direct fax)
cmoeller@ngelaw.com

# Exhibit E

## Rosenberg, Sonya

**From:**  Moeller, Chad W.
**Sent:**  Friday, May 30, 2008 12:16 PM
**To:**  Rothstein, Ron
**Subject:**  Summary of Rule 37 conference

Ron:

This will confirm what we discussed during our Rule 37 telephone conference today.  Please let me know if I have inaccurately described what we discussed.

First, you indicated that you would check with your client about the status of the documents that it has yet to produce.  In light of the fact that we have not received any documents, you and I agreed to hold in abeyance, for now, our objections to your responses to our requests for production.

Second, we discussed our objections to your answers to interrogatory nos. 4, 7, 8, 9, 11, 16, 17, 18, 20, 21 and 22.  You agreed to answer nos. 7 and 8 and stated that, to the extent possible, you would identify which of the information in your answers to nos. 7 and 8 is also responsive to nos. 9, 11 and 20.  You also agreed to answer interrogatory nos. 17, 18 and 21.  You stated that you will not answer nos. 4, 16 or 22.

I look forward to receiving the documents and supplemental information.

Regards,

Chad


Chad W. Moeller
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5370 (direct)
(312) 750-6452 (direct fax)
cmoeller@ngelaw.com

# Exhibit F

## Rosenberg, Sonya

**From:** Rothstein, Ron [RRothste@winston.com]
**Sent:** Friday, June 06, 2008 1:17 PM
**To:** Moeller, Chad W.
**Cc:** Dickman, John M.; Frederick, Sheila P.
**Subject:** RE: Summary of Rule 37 conference

Chad, I am working on the document production and antcipate producing them next week.  Ron

---

**From:** Moeller, Chad W. [mailto:cmoeller@ngelaw.com]
**Sent:** Friday, June 06, 2008 8:16 AM
**To:** Rothstein, Ron
**Cc:** Dickman, John M.; Frederick, Sheila P.
**Subject:** FW: Summary of Rule 37 conference

Ron:

Where do we stand on your discovery responses?  It should not be lost on anyone that your client has yet
to produce a single document in this litigation.  Our patience is wearing thin.  Please advise.

Chad

Chad W. Moeller
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5370 (direct)
(312) 750-6452 (direct fax)
cmoeller@ngelaw.com

---

**From:** Moeller, Chad W.
**Sent:** Friday, May 30, 2008 12:16 PM
**To:** Rothstein, Ron
**Subject:** Summary of Rule 37 conference

Ron:

This will confirm what we discussed during our Rule 37 telephone conference today.  Please let me know if
I have inaccurately described what we discussed.

First, you indicated that you would check with your client about the status of the documents that it has yet
to produce.  In light of the fact that we have not received any documents, you and I agreed to hold in
abeyance, for now, our objections to your responses to our requests for production.

Second, we discussed our objections to your answers to interrogatory nos. 4, 7, 8, 9, 11, 16, 17, 18, 20, 21
and 22.  You agreed to answer nos. 7 and 8 and stated that, to the extent possible, you would identify
which of the information in your answers to nos. 7 and 8 is also responsive to nos. 9, 11 and 20.  You also
agreed to answer interrogatory nos. 17, 18 and 21.  You stated that you will not answer nos. 4, 16 or 22.

I look forward to receiving the documents and supplemental information.

Regards,

Chad


Chad W. Moeller
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 2200
Chicago, Illinois 60602
(312) 269-5370 (direct)
(312) 750-6452 (direct fax)
cmoeller@ngelaw.com


The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


7/14/2008