IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLTON TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 06757 |
| ) | |
| v. ) | Magistrate Judge Mason |
| ) | |
| JEFFREY GRAFSTEIN ) | |
| and BIZ 120, INC., ) | Trial by Jury Demanded |
| ) | |
| Defendants. ) | |

## UNOPPOSED MOTION TO EXTEND DISCOVERY

Plaintiff, Carlton Technologies, Inc. ("Carlton") respectfully moves this Court for an order extending all discovery deadlines by 60 days to complete discovery in this case. In support of this Motion, Carlton states as follows:

1. The parties are scheduled to appear before Your Honor for a mediation on July 30, 2008 at 9:30 am.

2. Carlton filed a Complaint for Injunctive and Other Relief with this Court on November 30, 2007. The Complaint alleges that Jeffrey Grafstein ("Grafstein") breached his Employment Agreement with Carlton, misappropriated trade secrets from Carlton, violated the Computer Fraud and Abuse Act, and breached fiduciary duties owed to Carlton.

3. Prior to his resignation, Grafstein downloaded or otherwise copied confidential and proprietary information from Carlton's computer system, including confidential customer information, pricing information, and business plan information. Carlton took reasonable steps to preserve the confidentiality of this information.

4. Although Carlton provided Grafstein with a company issued laptop

computer, Carlton has learned that on certain days, Grafstein logged off of his company issued laptop and logged back on via his personal laptop or computer minutes later. Grafstein used his personal computer to copy confidential information from Carlton's network.

5. While still employed by Carlton, Grafstein formed a company, Biz 120, Inc. ("Biz 120"), to directly compete with Carlton and intentionally diverted business opportunities away from Carlton using Carlton's own trade secrets and confidential information. Shortly before his resignation from Carlton, Grafstein accessed hundreds of files in Carlton's computer systems containing confidential information and went so far as to download confidential documents off his company issued laptop onto a portable media device.

6. Carlton hired Grafstein as a Senior Account Executive and Director of Wireless Data Collection and Scanning Devices in February 2002. In connection with his hiring, Grafstein entered into an employment agreement (the "Agreement"). The Agreement provides, in relevant part:

> **Records Belong to Employer.** All books, records, files, forms, reports, accounts, papers and documents relating in any manner to the Employer's business, vendors, suppliers, or customers, whether prepared by Employee or anyone else, are the exclusive property of the Employer and shall be returned immediately to the Employer upon termination of employment or upon the Employer's request at any time.
>
> **Return of Property.** Upon termination of employment, the Employee shall deliver all property (including keys, records, notes, data, memoranda, models, and equipment) that is in the Employee's possession or under the Employee's control which is Employer's property.

The Agreement further provides:

> **Confidentiality.** Employee recognizes that Employer has and will have information regarding the following:
>
> products        prices

2

      margins                                costs
      discounts                            future plans
      business affairs                 costs
      marketing plans                customer lists

and other vital information (collectively "Confidential Information") which is valuable, special and unique assets of Employer. Employee agrees that Employee will not at any time or in any manner, either directly or indirectly, divulge, disclose or communicate in any manner any Confidential Information to any third party even if such Confidential Information was developed by the Employee during the term of employment of Employee or obtained during or after the term of employment of Employee, without the prior written consent of the Employer. Employee will protect the information and treat it as strictly confidential. A violation by Employee of this paragraph shall be a material violation of this Agreement and, in the event of a violation, Employer shall be entitled to both legal and equitable relief. Employee acknowledges and agrees that the sale or unauthorized use or disclosure by Employee of any Confidential Information of the Employer constitutes unfair competition, and during the term of his employment with the Employer and thereafter, Employee will not engage in any unfair competition with the Employer by directly or indirectly using the Confidential Information, nor will Employee directly or indirectly disclose, publish or make use of, nor authorize anyone else to use Confidential Information or any information or knowledge which in any way relates to the business, product or services of the Employer.

(Agreement ¶ 8).

      7.     In connection with his duties at Carlton, Grafstein had access to Carlton's confidential information concerning pricing, revenues, budgets, forecasts, and customer contact information about all of Carlton's customers. This information is accessible on a secured computer network. Grafstein had access to this information both on his company issued laptop as well as remotely from his personal computer. Grafstein resigned from Carlton in February 2007.

      8.     On February 4, 2008, Plaintiff obtained an agreed order on its preliminary

injunction motion for the return of documents, computer files, and other information misappropriated by its former employee. The order required Defendants to return all documents improperly taken within 48 hours and that a flash drive inspection was to take place within one week. Defendants were also required to identify all computers or other devices used to access Plaintiff's confidential and trade secret information and make them available for inspection within 7 days.

9. After a protocol was agreed to by the parties, the data was swept from Grafstein's computer on April 30th by Elijah Technologies ("Elijah"). On May 14, 2008, a disc containing all of the material collected from Defendants was created by Jim Murray at Elijah. The disc was delivered just before 5:00 pm on May 14, 2008 to Neal, Gerber & Eisenberg. Despite repeated request for the disc, it was not produced for almost two months until the eve of the discovery cut-off on Friday, July 11, at 3:30 pm. This critical production was also provided just days before Plaintiff's mediation brief is due.

10. The disc contained the information required for Plaintiff to assess the scope and extent of the theft of confidential and trade secret information taken by Defendants. This information was also critical to Plaintiff's ability to answer a large number of discovery requests put to Plaintiff by Defendants because it contained the documents and databases that, heretofore, Plaintiff had no knowledge were stolen. This was not only set out in Plaintiff's initial responses to Defendants discovery requests but also communicated verbally in telephone conversations that took place concerning Plaintiff's responses.

11. The disc contains almost a gigabyte of information. When asked why it took two months for Defendants to produce the documents, counsel for Defendants explained that "there was a lot of material" to review. Plaintiff must now review this voluminous

production and supplement its discovery responses based on what has been learned from Defendants' belated production.

12. What took Defendants two months to process and review must now be processed and reviewed by Plaintiff in just days for inclusion in Plaintiff's mediation brief due on July 16, 2008. Per the Court's invitation to in its July 15 minute order, Plaintiff will contact Ms. Rosa Franco if it determines it is unable to meaningfully participate in the mediation set for July 30 due to Defendants' belated document production just 3 business days before the deadline for Plaintiff's mediation brief submission.

13. No depositions have taken place thus far in this case. The reasons are that, (1) document production by both sides and by third parties is not complete and (2) in advance of the mediation the parties agreed that it was prudent to avoid substantial additional litigation costs should the parties be able to settle the case before Your Honor on July 30.

14. Plaintiff expects to have any remaining documents produced by close of business on July 16 and supplemental interrogatory responses by July 15.

15. Despite the vitriolic rhetoric in Defendants' motion to compel, Plaintiff has worked diligently to collect documents and data in response to Defendants' discovery requests. Plaintiff's efforts were hampered by Defendants' failure to produce the vast majority of documents it owed to Plaintiff until 2 business days before the discovery cut-off On July 15, 2008. The gigabyte's worth of data just received will allow Plaintiff the opportunity to assess the full scope of trade secret and confidential information theft by Defendants. In this regard, Plaintiff hopes to be in full compliance with its discovery obligations no later than July 16, 2008. Thus any delay alleged by Defendants is substantially justified.

16. No extensions for discovery have been sought in this case so far. The case

is relatively new and has moved expeditiously.

## CONCLUSION

For the foregoing reasons, Carlton respectfully requests that the Court enter an order extending all discovery deadlines by 60 days, including fact discovery from July 15 to September 15, 2008.

                                                Respectfully submitted,

                                                CARLTON TECHNOLOGIES, INC.

                                                By:      s/ Ronald Y. Rothstein
                                                            Ronald Y. Rothstein

                                                Ronald Y. Rothstein
                                                WINSTON & STRAWN LLP
                                                35 West Wacker Drive
                                                Chicago, Illinois 60601
                                                (312) 558-5600 (phone)
                                                (312) 558-5700 (fax)
                                                rrothstein@winston.com

                                                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, hereby certifies that he served a true and correct copy of the foregoing UNOPPOSED MOTION TO EXTEND DISCOVERY on July 15, 2008, through the Court's electronic filing system, to the individuals listed below:

Michael G. Kelber
Chad W. Moeller
Neal Gerber & Eisenberg LLP
2 North LaSalle Street
Suite 2200
Chicago, Illinois 60602


                                                                           s/ Ronald Y. Rothstein
                                                                             Ronald Y. Rothstein

## CERTIFICATION

Pursuant to Rule 37(2), Counsel for Plaintiff, Ronald Y. Rothstein, hereby certifies that he met and conferred with Defendants on the issues discussed within the foregoing **UNOPPOSED MOTION TO EXTEND DISCOVERY.**

Dated: July 15, 2008

_____
Ronald Y. Rothstein
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, IL  60601
rrothstein@winston.com